**UNITED STATES of America**
**Plaintiff–Appellee,**

v.

**Alonzo A. BRYANT, Rasheed J. Sewell, Myron D. Black, Timothy D. Adkins, & Michael Phillips, Defendant–Appellant.**

Nos. 00–3573, 00–3613, 00–3665, 00–3778, 00–3829.

United States Court of Appeals, Sixth Circuit.

Aug. 29, 2002.

Before MOORE and COLE, Circuit Judges, and TARNOW,* District Judge.

OPINION

TARNOW, District Judge.

The five appellants in this consolidated appeal were charged with conspiring to possess with the intent to distribute cocaine and cocaine base (crack), in violation of 21 U.S.C. § 846, and additional counts of drug related offenses. Each appellant entered a plea of guilty to the drug conspiracy charge and all remaining counts were dismissed at the time of sentencing pursuant to plea agreements with the government. The appellants now raise a number of issues, including: (1) the district court's failure to award certain defendants a downward departure on the grounds that their criminal history scores overstated the seriousness of their prior criminal activity; (2) the duplicity of the indictment; (3) ineffective assistance of counsel; (4) the district court's refusal to award a downward departure under the "safety valve" provision of 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2; (5) the government's breach of a plea agreement; (6) the district court's refusal to grant a motion for substitution of counsel and a continuance; (7) the government's failure to allege facts relating to drug quantity in the indictment; and (8) the government's failure to prove the existence of prior convictions beyond a reasonable doubt. For

---

* The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

the following reasons, We **AFFIRM** in part and **REVERSE AND REMAND** in part. We affirm as to all claims, except as they concern Timothy Adkins. The case is remanded as to Adkins for a determination as to whether he breached the plea agreement.

## I. Background

On November 17, 1999, a federal grand jury in the Northern District of Ohio returned a seventy-two count superseding indictment against twenty-four defendants, including Alonzo Bryant, Rasheed Sewell, Myron Black, Timothy Adkins and Michael Phillips ("Appellants"). All of the Appellants in these consolidated appeals were charged with conspiracy to possess cocaine and cocaine base with the intent to distribute, in violation of 21 U.S.C. § 846, along with additional drug related charges. Each Appellant pled guilty to Count One and all remaining counts were dismissed.

Alonzo Bryant was sentenced on April 28, 2000, to seventy-eight months (6½ years) of imprisonment and four years of supervised release. Judgment was entered on May 1, 2000. Rasheed Sewell was sentenced on May 1, 2000, to 160 months (13 1/3 years) of imprisonment and four years of supervised release. Judgment was entered on May 3, 2000. Myron Black was sentenced on May 1, 2000, to 168 months (14 years) of imprisonment and four years of supervised release. Judgment was entered on May 3, 2000. Timothy Adkins was sentenced to 262 months (21 5/6 years) of imprisonment and five years of supervised release. Judgment was entered on June 2, 2000. Michael Phillips was sentenced on June 14, 2000, to 130 months' imprisonment. Judgment was entered on the same day. All of the appellants filed timely notices of appeal.

## II. ANALYSIS

### A. Sewell and Phillips

Sewell and Phillips appeal the denial of a downward departure under § 4A1.3 of the Sentencing Guidelines, which authorizes the district court to depart from the guideline range where "reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct." U.S.S.G. § 4A1.3. Both men were sentenced as career offenders pursuant to § 4B1.1. Sewell was designated as a career criminal based upon two prior felony convictions for aggravated drug trafficking and one prior conviction for assaulting a probation officer. As a consequence, his criminal history category was increased from Category V to Category VI. His base offense level (prior to adjustments for acceptance of responsibility and substantial assistance) was increased from twenty-eight to thirty-four. Phillips was also designated a career criminal based upon two prior felony offenses involving violence and a controlled substance offense. As a consequence, Phillips' criminal history category was increased from IV to VI. His base offense level was increased from thirty to thirty-four. Phillips and Sewell argued to the district court that downward departure under § 4A1.3 was appropriate because their designation as career offenders overstates the seriousness of their prior criminal conduct. They appeal their sentences on the grounds that the district court failed to consider or properly rule on their § 4A1.3 motions.

■ Sewell's and Phillips' claims are without merit. A district court's refusal to grant a downward departure is not reviewable on appeal unless the court's refusal to deviate from the Sentencing Guidelines was based on the erroneous belief that it lacked authority to depart. *United States v. Byrd,* 53 F.3d 144, 145 (6th Cir.1995).

There is no indication from the record that the district court believed it lacked the authority to depart. Sewell and Phillips argue that the district court did not consider their motions. But this is also unsupported by the record. During Sewell's sentencing hearing, the court specifically addressed a letter from defense counsel, wherein "your client objects that [ ] you should not be found a career offender, in that if you were found a career offender, [ ] that would overstate your criminal history." After reviewing Sewell's prior convictions, the court concluded that "it would seem that your client does have more than two convictions." Similarly, during Phillips' sentencing hearing, defense counsel reminded the court of its discretion to depart, while acknowledging that his client's prior conviction did qualify Phillips as a career offender. The court then rejected the § 4A1.3 motion, outlining the underlying convictions. The district court considered and addressed both defendants' departure motions, and denied them because the court felt that career offender status did not overstate the seriousness of their prior offenses. This determination is not reviewable by this Court.

### B. Alonzo Bryant

Bryant raises three issues on appeal. He contends: (1) the indictment was duplicitous; (2) he received ineffective assistance of trial counsel; and (3) he was eligible for "safety valve" departure and reduction of offense level. His appeal fails on all three grounds.

*Duplicitous Indictment*

Bryant's first assignment of error alleges that Count One of the Superseding Indictment was duplicitous, because it alleges that he engaged in trafficking of both cocaine and crack. Ordinarily, the district court's decision not to dismiss an allegedly duplicitous indictment is reviewed for

abuse of discretion. *See United States v. Washington,* 127 F.3d 510, 512 (6th Cir. 1997), *cert. denied,* 524 U.S. 940, 118 S.Ct. 2348, 141 L.Ed.2d 718 (1998). Because Bryant did not raise this claim before the district court, it will be reviewed for plain error. *See Id.* at 513.

■ Bryant's duplicity claim is without merit. "An indictment is duplicitous if it joins in a single count two or more distinct and separate offenses." *United States v. Campbell,* 279 F.3d 392, 398 (6th Cir.2002)(quotation omitted). The danger of a duplicitous indictment is that it does not permit juries to convict on one count and acquit on the other. *Id.* In this case, Count One charged Bryant with participating in an illegal conspiracy having multiple objects, including distribution of both crack and cocaine. As this court has recognized, however, "the allegation, in a single count of conspiracy, of an agreement to commit several crimes is not duplicitous, as conspiracy is itself the crime." *United States v. Dale,* 178 F.3d 429, 431 (6th Cir.1999). Moreover, "[a] single conspiracy may have as its objective the distribution of two different drugs without rendering it duplicitous." *Id.*

*Ineffective Assistance of Counsel*

Bryant next contends that he was denied effective assistance of counsel because his attorney failed to call witnesses and did not cross-examine key government witnesses at sentencing. We will not consider Bryant's claim at this stage in the proceedings. In general, "[w]e will consider an ineffective assistance of counsel claim on direct appeal of a criminal conviction only when the record is adequate to assess the merits of the defendant's allegations." *United States v. Daniel,* 956 F.2d 540, 543 (6th Cir.1992). "Ineffective assistance of counsel claims are best brought by a defendant in a post-conviction proceeding un-

der 28 U.S.C. § 2255 so that the parties can develop an adequate record on the issue." *Id.* Presently, the record is not adequate to evaluate Bryant's claim. Bryant has not identified any witnesses who should have been called or what testimony any potential witnesses might offer. Also, the government did not present any witnesses at Bryant's sentencing who could have been cross-examined. Without further development of the record, there is no basis upon which this court could conclude that errors were committed, or that those errors were prejudicial. *See United States v. Kincaide,* 145 F.3d 771, 785 (6th Cir.1998), *cert. denied,* 525 U.S. 1166, 119 S.Ct. 1085, 143 L.Ed.2d 86 (1999)(discussing necessary showing for ineffective assistance claim on direct appeal).

*Eligibility for "Safety Valve" Departure and Reduction in Offense Level*

Bryant appeals the district court's refusal to order a sentence below the statutory minimum under the "safety valve" provision of 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2, as well as the court's decision not to award a two-level reduction in his offense level pursuant to U.S.S.G. § 2D1.1(b)(6). Because he pled guilty to conspiracy to possess with intent to distribute in excess of five grams of cocaine, Bryant faces a statutory minimum sentence of five years of imprisonment. 21 U.S.C. § 841(b)(1)(B)(iii). The "safety valve" provision of 18 U.S.C. § 3553(f) provides that in cases involving certain drug offenses, including violations of 21 U.S.C. § 841, a sentencing court may impose a sentence "without regard to any statutory minimum sentence," if the court determines that the five criteria listed in 18 U.S.C. § 3553(f) are satisfied. The first criterion requires that "the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines." 18 U.S.C. § 3553(f)(1). Sec-

tion 2D1.1(b)(6) of the Guidelines provides that if a defendant meets the requirements of the safety valve, the district court should reduce the defendant's offense level by two. The district court determined that Bryant had more than one criminal history point, and therefore was not eligible.

This court reviews the district court's interpretation of the Guidelines *de novo.* The district court's determination as to whether a defendant meets the five criteria of the "safety valve" is a finding of fact, and is reviewed for clear error. *United States v. Adu,* 82 F.3d 119, 124 (6th Cir. 1996).

On appeal, Bryant argues that he is eligible for the "safety valve" because, although he has more than one criminal history point, his criminal history score overstates the seriousness of his past criminal conduct, such that a departure under U.S.S.G. § 4A1.3 was warranted. This argument fails for two reasons. First, the district court considered and rejected Bryant's motion for a departure under § 4A1.3, reasoning that a criminal history category II was within the heartland of the Sentencing Guidelines. Since the court's decision was not based upon the erroneous belief that it lacked the authority to depart, it is not reviewable by this court. *Byrd,* 53 F.3d at 145.

■ Second, as a matter of law, a defendant cannot be rendered eligible for the "safety valve" if he or she has more than one criminal history point, even if the court subsequently determines that the defendant's criminal history score overstates the seriousness of his or her past criminal conduct for the purposes of § 4A1.3. Section 5C1.2, defines "[m]ore than 1 criminal history point, as determined under the sentencing guidelines" as "more than one criminal history point as determined under § 4A1.1", the guideline provision that in-

structs how to calculate a defendant's criminal history points. U.S.S.G. § 5C1.2 commentary, applic. note 1. As the court held in *United States v. Penn*, 282 F.3d 879 (6th Cir.2002):

> [This] language is unambiguous, and clearly limits the district court's authority to apply the 'safety valve' provision to cases where a defendant has not more than one criminal history point *as calculated under* § 4A1.1, regardless of whether the district court determines that a downward departure in the defendant's sentence is warranted by § 4A1.3.

*Penn*, 282 F.3d at 881 (emphasis in original).

Since Bryant does not assert that his criminal history points were incorrectly calculated under § 4A1.1, he cannot claim eligibility for the "safety valve."

## C. Timothy Adkins

*Breach of Plea Agreement*

Adkins contends that the government breached its obligation under the plea agreement by failing to move the court for a downward departure pursuant to U.S.S.G. § 5K1.1. This section permits departure for substantial assistance upon a motion by the government. The relevant clause of the plea agreement in this case states:

> In the event the defendant fully cooperates with the government, as set forth herein, the government will move the Court, pursuant to 18 U.S.C. § 3553(e) and provision 5K1.1 of the United States Sentencing Guidelines, to impose a sentence by reducing the defendant's Total Adjusted Offense Level [ ] a total of four (4) additional levels to reflect the defendant's "substantial assistance" to the government [ ]

> The defendant understands that in the event he does not fully cooperate, as set forth herein, the government is released from its obligations under this agreement, including the recommendation that sentence be imposed beneath the mandatory minimum of 10 years, and the defendant has no right to withdraw his guilty plea to count one of the superseding indictment.

> The defendant further understands and acknowledges that the decision to request the 'substantial assistance' departure, as set forth above, rests solely with the United States' Attorney's Office.

At Adkins' sentencing hearing, the government expressed its view that Adkins had breached his obligation to "fully cooperate," and that it therefore would not make a § 5K1.1 motion.

The government maintained that Adkins breached the agreement to cooperate by failing to testify truthfully at the trial of Thomas Winbush, a co-defendant who was ultimately acquitted. To support this claim, the government introduced the testimony of Detective Dawn Schivinski. Schivinski testified that Adkins qualified his testimony in order to protect Winbush, that his trial testimony contained some inconsistencies with earlier proffers, and that his demeanor appeared "reluctant" undermining the effectiveness of his testimony. Upon cross-examination, Schivinski conceded that Adkins' testimony was essentially consistent with the proffer made during a second meeting with prosecutors and defense counsel on the eve of trial, but maintained that the testimony differed from an earlier proffer made to the FBI. Defense counsel argued at sentencing that the alleged discrepancies were "minute," and did not constitute a breach of the agreement. Upon hearing of the government's intention to not move for a § 5K1.1 departure, Adkins first attempted to withdraw his plea, and then requested that the

court grant the departure. The court denied both motions.

This court has recognized that "fundamental fairness" requires the court to enforce promises made in a plea agreement that induce the defendant to plead guilty. "Where a defendant fulfills his promise in entering a guilty plea, the prosecution is bound to fulfill any promise made in exchange." *United States v. Robison*, 924 F.2d 612, 613 (6th Cir.1991). In the absence of a plea agreement, the government has the sole discretion to make a § 5K1.1 motion. Where the language of a plea agreement expressly reserves the government's ultimate discretion to determine whether to make the motion, "a district court may only review the government's refusal to make the motion to determine whether the refusal is based on unconstitutional considerations, such as the defendant's race." *United States v. Benjamin*, 138 F.3d 1069, 1074 (6th Cir.1998). This court has also recognized, however, that "in order to induce a defendant to enter a plea agreement, the government may bargain away its discretion and simply promise to make the substantial assistance motion." *Id.* at 1074. In such cases, the government is obligated to make the § 5K1.1 motion, unless it can show by a preponderance of the evidence that the defendant breached the agreement. *Id.* Whether a defendant has complied with a term in a plea agreement requiring him or her to "fully cooperate" with the government is a question of fact, which must be determined by the district court in the first instance. *United States v. Wells*, 211 F.3d 988, 996 (6th Cir.2000).

The question before this court, therefore, is whether the government bargained away its discretion to deny a § 5K1.1 motion in Adkins' plea agreement. The plea agreement is ambiguous as to whether the government retained its discretion to make

the § 5K1.1 motion. Initially, the terms of Adkins' agreement provided that the government "will" make the motion if Adkins fully cooperates. In *Benjamin*, 138 F.3d at 1074, this court determined that the use of the word "will" suggested that the government's obligation to move for a substantial assistance departure was mandatory. The "Cooperation" section in Adkins' plea agreement also states that "in the event [the defendant] does not fully cooperate, as set forth herein, the government is released from its obligations under this agreement." The word "obligations" suggests that the government's commitment to make a § 5K1.1 motion is not merely discretionary. This clause implies that the government would not be "released" from their obligation if Adkins did cooperate.

■ The inclusion of this release clause distinguishes the instant agreement from the agreement in *United States v. Head*, 927 F.2d 1361 (6th Cir.), *cert. denied*, 502 U.S. 846, 112 S.Ct. 144, 116 L.Ed.2d 110 (1991), in which the court determined that the government retained its discretion. The *Head* court determined that a clause indicating that the government "will" file a § 5K1.1 motion was not sufficient to evince a binding agreement to make a § 5K1.1 motion. The *Head* waiver did not contain any provision similar to the one in this case discussing the government's "obligation." The inclusion of such mandatory language, in the present case, is inconsistent with the statement that the U.S. Attorney has the sole authority to move for a § 5K1.1 motion. Moreover, the "sole decision" language is not entirely clear. It would be clearer, for example, to state that the government retains the exclusive right to determine whether the defendant has "fully cooperated." As it is currently phrased, the "sole decision" language may be read as a restatement of the fact that § 5K1.1 motions must originate with the

government, whether or not the government waives its discretion to deny such motions. There is ambiguity in the agreement as to whether the government retained its discretion to withhold the § 5K1.1 motion. The rules of construction of plea agreements dictate that the agreement be interpreted to impose a binding obligation on the government. *Johnson*, 979 F.2d at 399 (holding that ambiguities in plea agreements are construed against the government); *see also United States v. Houston*, 40 Fed.Appx. 139 (6th Cir.2002)(unpublished)(holding that the government did not reserve discretion to make 5K1.1 motion based on the use of both discretionary and nondiscretionary language in the plea agreement creating an ambiguity).

In this case, the sentencing court did not determine whether Adkins complied with the plea agreement, because it believed that it lacked authority to review the government's decision not to make a § 5K1.1 motion. When confronted with the defense counsel's argument that the evidence did not demonstrate a breach by Adkins, the district court responded by saying "[a]ren't we in a situation where it's—as persuasive as your arguments are, in large measure it's not my call to make?" The court further inquired of defense counsel "[i]s there any way I can force the United States' Attorney's Office to exercise their discretion in making a motion for 5K1.1?" Apparently not convinced that it could do so, the court declined to order a departure. These comments indicate that the court felt it was without authority to compel the motion. This conclusion was in error, because the government did not retain its discretion to withhold the motion by the terms of the plea agreement. The court did have the authority to order specific perfor-

mance of the agreement. *Benjamin*, 138 F.3d at 1074. Thus, this case is hereby remanded to the district court to make factual findings as to whether Adkins breached the agreement. *Wells*, 211 F.3d at 996 (remanding to the district court where the court had not made factual findings as to whether defendant fully cooperated with the government).[1]

### Adkins' Apprendi Claim

Adkins also contends that *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), renders his sentence invalid. In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the proscribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490, 120 S.Ct. 2348. Adkins claims that Count One of the Superseding Indictment, to which he pled guilty, failed to specify the quantity and types of drugs involved in the conspiracy charge. This circuit has suggested that, in addition to requiring facts that increase the statutory maximum to be proved beyond a reasonable doubt, *Apprendi* requires the government to allege facts that increase the statutory maximum penalty for a crime in the indictment. *See United States v. Strayhorn*, 250 F.3d 462, 470 (6th Cir.2001). It is unclear whether the "indictment question" has been finally decided. *See United States v. Stafford*, 258 F.3d 465, 477 n. 8 (6th Cir.2001). The court need not resolve the question here, because Adkins has failed to show a constitutional violation even assuming that *Apprendi* requires the government to allege quantity in the indictment.

Normally, this circuit reviews constitutional challenges to a sentence *de novo*. *Strayhorn*, 250 F.3d at 467. The govern-

1. Based on the Court's determination as to Adkins' plea agreement argument, we will not decide Adkins' other issue on appeal regarding the Sixth Amendment.

ment contends that plain error review is appropriate, however, because Adkins did not raise the objection to the district court below. *See* Fed.R.Crim.P. 52(b). Adkins' claims fail under either standard.

■ Adkins was sentenced under 21 U.S.C. § 841(b)(1)(B), which provides a maximum sentence of forty years' imprisonment for offenses involving more than five grams of cocaine base (crack). Count One of the Superseding Indictment alleged facts sufficient to show that Adkins was personally responsible for quantities well in excess of five grams. Among the overt acts alleged in Count One were the following:

9. On December 8, 1998, TIMOTHY M. ADKINS sold approximately 9.29 grams of crack cocaine in Mansfield, Ohio, to an individual known to the Grand Jury....

61. On August 4, 1999, TIMOTHY M. ADKINS and BRYANT L. BROOKS sold approximately 959.5 grams of crack cocaine to an individual known to the Grand Jury....

64. On September 29, 1999, TIMOTHY M. ADKINS distributed approximately 1.555 grams of crack cocaine in Mansfield, Ohio, to an individual known to the Grand Jury.

65. On September 30, 1999, TIMOTHY M. ADKINS distributed approximately 1.564 grams of crack cocaine in Mansfield, Ohio, to an individual known to the Grand Jury.

Since the facts alleged in the Superseding Indictment were sufficient to expose Adkins to a forty year maximum penalty, there is no *Apprendi* violation because his 262 month sentence did not exceed this maximum.

Moreover, if plain error is the appropriate standard of review, Adkins' claim is foreclosed by this court's opinion in *Stafford*, which held that even if failure to include drug quantity in the indictment was error under *Apprendi*, such an omission does not rise to the level of plain error where the defendant admitted to the quantity of drugs in the plea agreement. *Stafford*, 258 F.3d at 477.[2] Further, in *United States v. Cotton*, —— U.S. ——, ——, 122 S.Ct. 1781, 1786, 152 L.Ed.2d 860 (2002), the Supreme Court indicated that while an indictment's failure to include drug quantity may render an enhanced sentence erroneous under *Apprendi*, it does not rise to the level of plain error unless it seriously affects fairness, integrity, or public reputation of the judicial proceedings. In *Cotton*, as in this case, the deficiency does not amount to plain error.

### D. Myron Black

■ Black argues that the enhancement of his sentence based upon the finding that he was a career criminal violated *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The lower court held that Black was a career offender. Black contends that this determination violated *Apprendi* because the facts of his prior convictions were not listed in the indictment or proved beyond a reasonable doubt. This circuit has previously held, however, that the *Apprendi* rule does not apply to the fact of a prior conviction. *See United States v. Gatewood*, 230 F.3d 186, 192 (6th Cir.2000)(en banc), *cert. denied*, —— U.S. ——, 122 S.Ct. 911, 151 L.Ed.2d 878 (2002). In addition, the district court's determination that Black was a career offender did not cause Black's sentence to exceed the statutory maximum that would apply absent such a finding. Black pled guilty to personal and jointly undertaken criminal activity involving at least 500 grams but less than five kilo-

---

**2.** The Court need not decide the effect of the waiver of appeal as to the *Apprendi* claim because *Apprendi* argument fails on the merits.

grams of cocaine. The statutory maximum sentence for an unspecified amount of cocaine is twenty years of imprisonment. 21 U.S.C. § 841(b)(1)(C). Black's sentence of 168 months (14 years) of imprisonment did not exceed this maximum. Thus, there is no constitutional violation.

### III. Conclusion

For the foregoing reasons, we AFFIRM the judgment of the district court in part; and REVERSE AND REMAND in part. The decision of the district court is affirmed as to all Appellants, except Timothy Adkins. The case is hereby remanded to the district court, as to Adkins, to determine whether there was a breach of the plea agreement.