NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0255n.06
Filed: April 4, 2005

No. 04-3563

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| TIMOTHY ADKINS, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | **ON APPEAL FROM THE UNITED** |
| v. | ) | **STATES DISTRICT COURT FOR** |
| | ) | **THE NORTHERN DISTRICT OF OHIO** |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent-Appellee. | ) | |

Before: GIBBONS and SUTTON, Circuit Judges; EDGAR, District Judge.[*]

**R. ALLAN EDGAR, District Judge**. This case is presented as an appeal of the district court's decision on Timothy Adkins' 28 U.S.C. § 2255 petition. In substance, however, it is an appeal of Adkins' sentence in his criminal case resulting from a conviction on a drug conspiracy charge, 21 U.S.C. § 846. We treat this case as a direct appeal in that criminal case, and **AFFIRM** the judgment of the district court. However, we also **REMAND** the case to the district court with instructions to vacate the existing judgment which was entered on June 2, 2000, in Adkins' criminal case, and enter a new judgment *nunc pro tunc*.

---

[*] The Honorable R. Allan Edgar, Chief United States District Judge for the Eastern District of Tennessee, sitting by designation.

-1-

# I.

Adkins pled guilty to a conspiracy to distribute and possess with intent to distribute more than fifty (50) grams of cocaine base ("crack"), in violation of 21 U.S.C. § 846. In the judgment entered on June 2, 2000, Adkins was sentenced to 262 months imprisonment and five years supervised release. On appeal, Adkins contended that the government had breached the plea agreement by not filing a motion to reduce his sentence for "substantial assistance" under U.S.S.G. § 5K1.1. A panel of this Court held that under the language of the plea agreement the government was obligated to make such a motion unless it can show by a preponderance of the evidence that Adkins breached the agreement. *United States v. Bryant*, 46 Fed.Appx. 778, 785, 2002 WL 2026469, at *6 (6th Cir. Aug. 29, 2002). The panel remanded the case to the district court for a determination as to whether Adkins had breached the plea agreement by failing to provide substantial assistance to the government. *Id.*

On remand the district court appointed counsel to represent Adkins and held an evidentiary hearing to determine whether Adkins breached the plea agreement by failing to provide substantial assistance to the government. At issue was whether Adkins testified truthfully at the trial of codefendant Thomas Wimbush. The district court found that Adkins was not truthful and that the government had not breached the plea agreement by failing to file a U.S.S.G. § 5K1.1 motion.

Adkins' appointed counsel failed to appeal the district court's decision and failed to notify Adkins that he was not pursuing an appeal. When Adkins learned that he did not have a pending appeal, he filed a petition seeking relief under 28 U.S.C. § 2255 for ineffective assistance of counsel, in violation of his rights under the Sixth Amendment. The district court granted the petition and concluded its opinion with the following: "The Court imposes the original sentence on Petitioner Adkins, but affords Petitioner an opportunity to file a notice of appeal as to this Court's determination that Petitioner breached the plea agreement."

Adkins dutifully filed a notice of appeal with the criminal case number thereon, and asserted that he was seeking direct appellate review from the district court's ruling that he breached the plea agreement. Perhaps because the judgment was never vacated and re-entered, thereby making any appeal untimely, someone hand wrote the civil case number for the 28 U.S.C. § 2255 case on the caption of the notice of appeal. The case therefore sailed to this court under the banner of Adkins' § 2255 case, although the only issue is whether the district court in the criminal case properly concluded that Adkins violated his plea agreement.

**II.**

The district court, when it granted Adkins' 28 U.S.C. § 2255 petition, should have vacated his judgment of conviction and entered a new judgment from which Adkins could then appeal. *United States v. Peak*, 992 F.2d 39, 42 (6th Cir. 1993). It is clear that this

is what the district court intended in this case.  However, the district court did not perform the ministerial act of vacating the judgment in Adkins' criminal case.  Therefore, upon the limited remand of this case, the district court is **DIRECTED** to **VACATE** that judgment and enter a new judgment, presumably with the same sentence, *nunc pro tunc* to March 3, 2004, the date on which the district court entered its order granting Adkins' 28 U.S.C. § 2255 petition.  This court will consider Adkins' appeal on the merits as if it had been an appeal from that judgment.

## III.

Adkins and the government each claim that the other breached the plea agreement.  The government claims that Adkins did not live up to his agreement which required him to "fully cooperate" and thereby provide the required "substantial assistance" to trigger the government's obligation to move for a downward departure under § 5K1.1 of the UNITED STATES SENTENCING GUIDELINES.  Adkins claims that he did fulfill the conditions precedent to a downward departure motion.  On Adkins' first direct appeal from his criminal conviction and sentence, this Court found the plea agreement to be ambiguous as to whether the government retains discretion to withhold a § 5K1.1 motion, and remanded the case to the district court to make factual findings as to whether Adkins breached the plea agreement by failing to provide substantial assistance.  The district court held such a hearing

and found that Adkins did not testify truthfully at the trial of codefendant Thomas Wimbush. Hence it was Adkins, not the government, who breached the plea agreement.

The government had the burden of proving Adkins' breach of the plea agreement by a preponderance of the evidence. *United States v. Benjamin*, 138 F.3d 1069, 1073 (6th Cir. 1998). Since the issue is whether there was a breach of the plea agreement, we review the district court's decision *de novo*. *United States v. Swanberg*, 370 F.3d 622, 627 (6th Cir. 2004); *United States v. Barnes*, 278 F.3d 644, 646 (6th Cir. 2002).

The district court found that Adkins' testimony differed from the proffer he had given to the government in at least two material respects. First, in the proffer Adkins said that he sold Wimbush fairly large quantities of crack cocaine; whereas at the trial Adkins testified that if he ever sold Wimbush crack, it was a "real small amount." Second, in his proffer, Adkins told the government that he had sold crack to Wimbush after Wimbush got out of jail. However, at Wimbush's trial, Adkins testified that the last time he sold to Wimbush was in early 1999, a time when Wimbush, according to the district court, arguably was in jail.

The district court was in a position to observe Adkins' testimony and evaluate how it fit in with the other evidence in the case. While our standard of review here is *de novo*, when the issue is credibility of a witness who has testified before the district court on two different occasions, we decline to conclude that the district court was in error, especially

in this case where there are objective reasons for upholding the district judge's determination.

## IV.

Adkins was sentenced to a term of 262 months imprisonment and five years of supervised release under the sentencing guidelines. There is no indication at this juncture that the district judge made any determination in connection with that sentencing which would implicate Adkins' Sixth Amendment rights under *United States v. Booker*, 543 U.S. ---, 125 S.Ct. 738 (2005). We **REMAND** this case to the district court to **VACATE** the judgment entered in Adkins' criminal case on June 2, 2000, and to enter a new judgment *nunc pro tunc* to March 3, 2004. This judgment is **AFFIRMED**.