**UNITED STATES of America**

v.

**Jermaine Albert BODDIE, a/k/a Bodey, Appellant**

**No. 02–2447.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Jan. 27, 2003.

Filed Jan. 28, 2003.

Before SLOVITER, RENDELL, Circuit Judges, and DEBEVOISE, District Judge.*

## OPINION OF THE COURT

SLOVITER, Circuit Judge.

The issue presented in this case is whether a district court has the authority under the Sentencing Guidelines to apply the safety valve to a defendant whose criminal history category of II overstated the seriousness of the defendant's prior record. This court has not previously spoken to this issue. Seven other courts of appeals have considered the issue, and each has held that the statutory language limiting the availability of the safety valve to defendants with one criminal history point must govern. We turn to the facts of this case before considering the legal issue.

* Hon. Dickinson R. Debevoise, Senior Judge, United States District Court for the District of New Jersey, sitting by designation.

### I.

### BACKGROUND

From the late summer of 1999 until March of 2001, Appellant Jermaine Boddie and Saunders Mabrey supplied cocaine to Gregory Armstrong, who distributed about 15 kilograms of the drug in the Western District of Pennsylvania. Boddie and Mabrey, who were located in San Francisco, initially met with Armstrong in California, and later shipped cocaine to him in food cans sent to a store in McKeesport, Pennsylvania. Armstrong repackaged and distributed the cocaine. He paid Boddie and Mabrey approximately $17,000 per kilogram of cocaine.

Armstrong was arrested in March 2001. He told authorities that he was still in touch with his suppliers and that he owed them about $75,000 for the last shipment of cocaine. In August 2001, the Drug Enforcement Administration ("DEA") recorded telephone conversations between Armstrong and Mabrey about their cocaine dealings and the debt that Armstrong owed. On October 3, 2001, one of Armstrong's associates who was working as a confidential informant with the DEA had a recorded conversation with Mabrey, in which the confidential informant told Mabrey that the money to repay the debt had been gathered. On October 4, 2001, DEA agents arrested Boddie and Mabrey, who had arrived in Pittsburgh, Pennsylvania, to collect the $75,000.

On October 31, 2001, a grand jury indicted Boddie and Mabrey, charging them with conspiracy to distribute and possess with intent to distribute in excess of five kilograms of cocaine, in violation of 21 U.S.C. § 846. On February 8, 2002, Boddie and Mabrey pled guilty to the charge

pursuant to a plea agreement in which it was agreed, among other things, that the quantity of cocaine attributable to each of them was at least five but less than 15 kilograms. The Government agreed that if Boddie and Mabrey satisfied statutory requirements, it would recommend at sentencing that the District Court apply the safety valve provision of the Sentencing Guidelines, U.S.S.G. § 5C1.2, and sentence them without regard to the statutory mandatory minimum penalty.

In Boddie's Presentence Investigation Report ("PSR"), the United States Probation Office determined that Boddie has a criminal history category of II based upon three criminal history points, including one point for a 1999 conviction for driving with a suspended license and two points because the present offense occurred during the period of probation imposed for the driving violation. The Probation Office also stated that it appeared that Boddie did not qualify for the safety valve provision and that he was subject to the statutory mandatory minimum sentence of 120 months.

Boddie objected to the PSR, claiming that his criminal history category was overstated based upon the absence of any involvement with the criminal justice system other than driving violations, and that he qualifies for the application of the safety valve provision. The District Court agreed with Boddie that his criminal history category overstates the seriousness of his past criminal conduct and that a criminal history category of I applies. It ruled, however, that Boddie does not qualify for the safety valve provision because he has more than one criminal history point. The District Court sentenced Boddie to the statutory mandatory minimum of 120

months imprisonment and 60 months supervised release, and ordered him to pay a $100.00 special assessment. This appeal followed.[1]

## II.

### JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). Because this appeal concerns the construction of the Sentencing Guidelines, our standard of review is plenary. *United States v. Swan,* 275 F.3d 272, 275 (3d Cir.2002).

## III.

### DISCUSSION

Boddie argues that the Sentencing Guidelines do not prohibit the application of the safety valve provision of U.S.S.G. § 5C1.2 to an individual whose criminal history is found to be overstated pursuant to § 4A1.3. He contends that the determination of whether a defendant has more than one criminal history point should be made after a downward departure has been applied.

Under 18 U.S.C. § 3553(f), in cases involving certain drug offenses, the sentencing court shall impose a sentence pursuant to the Sentencing Guidelines without regard to any statutory minimum sentence if the court finds that five criteria are satisfied. The statute provides:

(f) ... [T]he court shall impose a sentence pursuant to guidelines promulgated by the United States Sentencing Commission under section 994 of title 28 without regard to any statutory mini-

---

**1.** The District Court sentenced Mabrey to 70 months imprisonment and 60 months supervised release, and ordered him to pay a $100.00 special assessment. Mabrey did not appeal his sentence.

mum sentence, if the court finds at sentencing, after the Government has been afforded the opportunity to make a recommendation, that—

(1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;

(2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(3) the offense did not result in death or serious bodily injury to any person;

(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and

(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f).

This provision, known as the safety valve, is also set forth in the Sentencing Guidelines at § 5C1.2.[2] It is the first criterion that is at issue in this appeal, as it requires that for Boddie to have the bene-fit of the safety valve, he must "not have more than 1 criminal history point, as determined under the sentencing guidelines." 18 U.S.C. § 3553(f)(1); U.S.S.G. § 5C1.2(a)(1).

The commentary to U.S.S.G. § 5C1.2 defines "more than 1 criminal history point, as determined under the sentencing guidelines" to mean "more than one criminal history point as determined under § 4A1.1 (Criminal History Category)." U.S.S.G. § 5C1.2, cmt. n. 1. Under U.S.S.G. § 4A1.1, criminal history points are assigned for prior criminal convictions and the total number of points determines a defendant's criminal history category. A defendant's criminal history category is used, along with his/her offense level, to determine the applicable sentencing guideline range. See U.S.S.G. Ch.5, Pt. A. Under U.S.S.G. § 4A1.3, a court may depart from the otherwise applicable guideline range and use as a reference the range for a defendant with a lower criminal history category if a defendant's criminal history category significantly over-represents the seriousness of a defendant's criminal history.

Boddie argues that because the District Court had determined that his criminal history category of II overstated the seriousness of his past criminal conduct and that his proper criminal history category was I, he should be deemed eligible for application of the safety valve. However, the safety valve provision is written in terms of criminal history *points*, not criminal history category.

This issue was most recently considered by the Court of Appeals for the Sixth

---

**2.** Section 5C1.2(a) *Limitation on Applicability of Statutory Minimum Sentences in Certain Cases* provides that "the court shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence, if the court finds that the defendant meets the criteria in 18 U.S.C. § 3553(f)(1)-(5)" and sets forth the five statutory criteria verbatim.

Circuit in *United States v. Penn*, 282 F.3d 879 (6th Cir.2002). The district court had granted the defendant a downward departure under U.S.S.G. § 4A1.3, finding that his criminal history category of II, based upon two criminal history points, did not accurately reflect the seriousness of his past criminal conduct. The district court found that the defendant should only receive one criminal history point for his prior conviction based upon the amount of time he spent in prison, and that a criminal history category of I applied. The court then applied the safety valve and sentenced the defendant below the statutory mandatory minimum.

On appeal, the court held that the district court did not have authority to alter the defendant's criminal history points based upon its conclusion that his criminal history category overstated the seriousness of his past criminal conduct. *Id.* at 882. Similarly, the district court was not free to sentence the defendant below the statutory mandatory minimum where he had more than one criminal history point. *Id.* The court explained that the commentary to § 5C1.2, quoted above, limits the district court's authority to apply the safety valve "to cases where a defendant has not more than one criminal history point *as calculated under § 4A1.1*, regardless of whether the district court determines that a downward departure in the defendant's sentence is warranted by § 4A1.3." *Id.* at 881. The court further explained that the effect of a departure under § 4A1.3 is not to change the defendant's actual criminal history category or the calculation of a defendant's criminal history points. *See id.* at 882.

Similarly, in *United States v. Robinson*, 158 F.3d 1291 (D.C.Cir.1998) (per curiam), the district court had adjusted the defendant's criminal history category downward from category II (based on three criminal history points) to category I on the ground that defendant's criminal history category over-represented the seriousness of his criminal history. The court then found the defendant eligible for the safety valve provision based upon the downward departure. The Court of Appeals for the District of Columbia Circuit remanded the case for re-sentencing, explaining that

> while U.S.S.G. § 4A1.3 affords a sentencing court discretion to determine whether a criminal history category accurately reflects a defendant's criminal history, nothing in U.S.S.G. § 4A1.1 suggests that the sentencing court has any discretion with respect to the calculation of a defendant's criminal history score: Section 4A1.1 is a mechanistic provision which merely instructs the sentencing court to add points for various carefully-defined criminal history occurrences.

*Id.* at 1294.

The Court of Appeals for the Eighth Circuit reached a similar result in *United States v. Webb*, 218 F.3d 877 (8th Cir. 2000), *cert. denied*, 531 U.S. 1131, 121 S.Ct. 893, 148 L.Ed.2d 799 (2001). In that case, although the district court found that the defendant's criminal history category overstated the seriousness of his past criminal conduct and granted a downward departure under § 4A1.3, reducing defendant's criminal history category of III to I, the district court rejected the defendant's argument that he was eligible for the safety valve provision. The Court of Appeals agreed, stating that "[n]othing in section 4A1.3, the provision under which the district court shifted [the defendant] into a lower criminal history category, indicates that a category change under this provision deletes previously assessed criminal history points for the purposes of the section 5C1.2 analysis." *Id.* at 881.

The Court of Appeals for the Tenth Circuit reached the same conclusion in

*United States v. Owensby,* 188 F.3d 1244 (10th Cir.1999). The court rejected the defendant's argument that his eligibility for the safety valve provision may be based on his reduced criminal history category as determined under § 4A1.3, explaining that "[s]ection 4A1.3 does not authorize a court to add or subtract individual criminal history points from a defendant's record; rather, it permits the sentencing court, when departing from the otherwise applicable guideline range, to 'use, as a reference, the guideline range for a defendant with a higher or lower criminal history category, as applicable.'" *Id.* at 1246.

*Accord United States v. Orozco,* 121 F.3d 628, 630 (11th Cir.1997) ("The plain language of the relevant guideline and the statute both say that in order to be eligible for the safety-valve provision, a defendant cannot have 'more than 1 criminal history point.' Neither speaks about the criminal history category.... There is no need to look beyond the plain language of the statute and the guideline[.]"); *United States v. Resto,* 74 F.3d 22, 28 (2d Cir.1996) (notwithstanding that the sentencing judge elected to depart by treating the defendant as if he had a criminal history category of I, defendant nonetheless has four criminal history points and is thus ineligible for the safety valve); *United States v. Valencia–Andrade,* 72 F.3d 770, 774 (9th Cir.1995) (defendant whose criminal history category was reduced from II to I could not benefit from safety valve because statute expressly precludes the courts from sentencing defendant with more than one criminal history point below the mandatory minimum).

These cases rely on the commentary to U.S.S.G. § 5C1.2. Although Boddie recognizes that federal courts are bound by the commentary to the Sentencing Guidelines, *see Stinson v. United States,* 508 U.S. 36, 38, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993), he argues that the commentary to § 5C1.2 does not limit the courts with respect to consideration of downward departures as authorized in § 4A1.3. Rather, he contends, the commentary is silent concerning the effect of a downward departure. Boddie is correct that the commentary to § 5C1.2 does not address § 4A1.3. However, it specifically defines "more than 1 criminal history point, as determined under the sentencing guidelines" to mean "more than one criminal history point as determined under § 4A1.1." U.S.S.G. § 5C1.2, cmt. n. 1.

We agree with the other courts of appeals that have addressed this issue that this definition precludes a court from applying the safety valve provision where a defendant has more than one criminal history point as determined under § 4A1.1, notwithstanding the fact that the court granted a downward departure after finding that the criminal history category is overstated.

It is no secret that the Sentencing Guidelines have been the subject of substantial controversy since their promulgation, often because of what appears to be their inflexibility in situations where equitable considerations might suggest a different outcome. In this case, for example, Boddie is sentenced to serve ten years imprisonment whereas Mabrey, his codefendant, who engaged in the same conduct and pled guilty to the same offense was sentenced to serve less than six years imprisonment, with the differential being that Boddie had more criminal history points because he committed the drug offense while on probation for driving with a suspended license. In other circumstances, the sentencing court's ability to depart downward (or upward) tempers what may be a special circumstance. Here, however, we face not only the Sen-

tencing Guidelines but a congressional statute that is framed in terms of criminal history *points*. If there is to be any change in this respect, it must be by congressional action. After all, the crime that Boddie committed was a serious drug offense and if Congress chose to ameliorate the effect of some sentences in drug cases by providing a safety valve, it clearly had the option to choose the conditions for eligibility for that safety valve. Boddie is not eligible, Mabrey was.

### IV.

### CONCLUSION

For the reasons discussed above, we will affirm the judgment of sentence of the District Court.