**UNITED STATES of America**

**v.**

**William STEVENS**

**No. CR–03–48–B–W.**

United States District Court, D. Maine.

Feb. 4, 2004.

Spencer Ervin, Bass Harbor, ME, for William Stevens (1), Defendants.

Daniel J. Perry, U.S. Attorney's Office, Bangor, ME, for USA, Plaintiff.

### ORDER ON DEFENDANT'S PRE-SENTENCING MEMORANDA

WOODCOCK, District Judge.

Defendant William Stevens has pleaded guilty to possession with intent to distribute 500 grams or more of a mixture of cocaine and a mixture of heroin in violation of 21 U.S.C. § 841(a)(1). The law imposes a mandatory minimum of 5 years imprison-

ment and 4 years of supervised release. 21 U.S.C. § 841(b)(1)(B).

## I. FACTUAL BACKGROUND

Defendant William Stevens (Stevens) pleaded guilty to one count of Possession with Intent to Distribute in violation of 21 U.S.C. § 841(a)(1). This charge results from Stevens's participation as a transporter of narcotics on May 9, 2002. Stevens and his co-conspirators drove separately to Lowell, Massachusetts to obtain narcotics. The two co-conspirators switched vehicles with Stevens in Massachusetts, leaving Stevens to stay with their vehicle while they obtained the drugs. Upon their return, they deposited the drugs in their car, which Stevens drove back to Maine with the drugs. There is no evidence that Stevens was involved in this crime other than in the supporting role of transporter.

Stevens is sixty-four year old man in poor physical condition. He requires a significant amount of a variety of prescriptive medication. His criminal history includes two crimes over the last ten years: in 1997, he pleaded guilty to OUI in state district court; and in 1992, just ten years under the commission of the instant offense, Stevens pleaded *nolo contendere* to a charge of Criminal Trespass, also in state court. For the latter offense, the Maine District Court sentenced Stevens to thirty days in jail, with all but forty-eight hours suspended, and one year of probation for alcohol counseling.

## II. DISCUSSION

Stevens urges the Court to apply a downward departure under § 5K2.0 on the grounds that his criminal history over-represents the seriousness of his criminal history or the likelihood he will commit further crimes pursuant to § 4A1.3.[1] Stevens does not deny he has two prior convictions within the last ten years, but he notes that if he had only one criminal history point, he would be eligible for the "safety valve" provision. U.S.S.G. § 5C1.2(a)(1). He points to § 4A1.3's reference to "the case of a defendant with two minor misdemeanor convictions close to ten years prior to the instant offense and no other evidence of prior criminal behavior in the intervening period." U.S.S.G. § 4A1.3. Stevens asks the Court to conclude that his two criminal history points over-represent his criminal history and to reduce his criminal history points from two to one, thereby making him eligible for § 5C1.2(a)(1)'s "safety valve" and avoiding the statutory mandatory minimum. But for the mandatory minimum, Stevens presents a compelling argument for a more lenient sentence. While not diminishing the seriousness of his crime, he contends he was only a minimal participant and had no knowledge of the total conspiracy.

By its express terms, however, § 5C1.2(a)(1) makes him ineligible for safety valve treatment, because it is available only when the defendant "does not have more than 1 criminal history point, as determined under the sentencing guidelines ...." U.S.S.G. § 5C1.2(a)(1). The narrow question is whether, in making the criminal history determination "under the sentencing guidelines," the Court has the authority to recalculate a defendant's criminal history points to make him eligible for safety valve treatment.

---

1. Stevens has also raised the question of whether his criminal history should include the state criminal trespass charge, since it was a misdemeanor resulting in immurement for which he was not represented by counsel. This Order assumes, without deciding, that

Mr. Stevens has two criminal history points, including the 1992 criminal trespass conviction. If it turns out that he has only one countable crime, he would at least be eligible for the "safety valve" provision under § 5C1.2.

Eight circuit courts of appeal have addressed the issue and each one has arrived at the same conclusion: the sentencing court does not have the authority. The commentary to § 5C1.2 limits the district court's authority to apply the safety valve in those cases where a defendant has only one criminal history point as calculated under § 4A1.1, "regardless of whether the district court determines that a downward departure in the defendant's sentence is warranted by § 4A1.3." *United States v. Penn*, 282 F.3d 879, 882 (6th Cir.2002). The "effect of a departure under § 4A1.3 is not to change the defendant's actual criminal history category or the calculation of a defendant's criminal history points." *United States v. Boddie*, 318 F.3d 491, 494–96 (3rd Cir.2003) (citing *Penn*, 282 F.3d at 882).

Under § 5C1.2(a)(1), the safety valve is available only when the defendant "does not have more than 1 criminal history point, *as determined under the sentencing guidelines.*" U.S.S.G. § 5C1.2(a)(1) (emphasis added). The appellate courts that have considered the issue have relied on the language of both the statute and the sentencing guidelines. *See, e.g., United States v. Robinson*, 158 F.3d 1291, 1294 (D.C.Cir.1998) (*per curiam*) (explaining that § 4A1.1 is a "mechanistic provision" which purely instructs sentencing court to add points for various carefully-defined criminal history occurrences and that nothing in § 4A1.1 suggests sentencing court has any discretion with respect to calculation of defendant's criminal history score); *United States v. Resto*, 74 F.3d 22, 28 (2d Cir.1996) (holding defendant ineligible for safety valve because he had a criminal history category of IV, notwithstanding that sentencing judge elected to depart by treating defendant as if he had a criminal history category of I); *United States v. Boddie*, 318 F.3d 491, 494–96 (3rd Cir. 2003) (see discussion *infra*); *Penn*, 282 F.3d at 882 (6th Cir.2002) (holding that

district court did not have authority to alter defendant's criminal history points based upon its conclusion that criminal history category overstated the seriousness of past criminal conduct nor was district court free to sentence defendant below statutory mandatory minimum where he had more than one criminal history point); *United States v. Webb*, 218 F.3d 877, 881 (8th Cir.2000), *cert. denied*, 531 U.S. 1131, 121 S.Ct. 893, 148 L.Ed.2d 799 (2001) (stating that "[n]othing in section 4A1.3, the provision under which the district court shifted [the defendant] into a lower criminal history category, indicates that a category change under this provision deletes previously assessed criminal history points for the purposes of the section 5C1.2 analysis."); *United States v. Valencia–Andrade*, 72 F.3d 770, 774 (9th Cir.1995) (holding defendant whose criminal history category was reduced from II to I could not benefit from safety valve because statute expressly precludes the courts from sentencing defendant with more than one criminal history point below the mandatory minimum); *United States v. Owensby*, 188 F.3d 1244, 1246 (10th Cir.1999) (noting "[s]ection 4A1.3 does not authorize a court to add or subtract individual criminal history points from a defendant's record; rather, it permits the sentencing court, when departing from the otherwise applicable guideline range, to 'use, as a reference, the guideline range for a defendant with a higher or lower criminal history category, as applicable.' "); *United States v. Orozco*, 121 F.3d 628, 630 (11th Cir.1997) (stating "[t]he plain language of the relevant guideline and the statute both say that in order to be eligible for the safety-valve provision, a defendant cannot have 'more than 1 criminal history point.' Neither speaks about the criminal history category . . . ."). Although the defendant correctly notes that this issue remains open in the First Circuit, faced with

a striking demonstration of circuit unanimity, this Court cannot accept the defendant's argument that the First Circuit would carve its own decisional path.

This issue was most recently considered by the Court of Appeals for the Third Circuit in *United States v. Boddie*. The defendant in *Boddie* argued that § 5C1.2 commentary did not limit the district court with respect to consideration of downward departures as authorized in § 4A1.3, because the commentary is silent concerning the effect of a downward departure. *Boddie*, 318 F.3d at 496. The Third Circuit noted, however, that the commentary "specifically defines 'more than 1 criminal history point, as determined under the sentencing guidelines' to mean 'more than one criminal history point as determined under § 4A1.1.'" *Id.* (citing U.S.S.G. § 5C1.2, cmt. n. 1.). Agreeing with its the circuit courts of appeals, the Third Circuit held "that this definition precludes a court from applying the safety valve provision where a defendant has more than one criminal history point as determined under § 4A1.1, notwithstanding the fact that the court granted a downward departure after finding that the criminal history category is overstated." *Id.*

## III. CONCLUSION

Pursuant to § 5C1.2(a)(1), the "safety valve" provision, the sentencing court has the authority to override statutory mandatory minimum sentences in certain drug cases; however, a defendant is not eligible for the "safety valve" provision when he has more than one criminal history point, regardless of any downward departure the court might have granted on the ground that defendant's criminal history category over-represents seriousness of his criminal history. *Robinson*, 158 F.3d at 1294. If Stevens has two criminal history points, he will be ineligible for the safety valve provision of § 5C1.2(a)(1).

SO ORDERED.