

Villanova University School of Law

Opinions of the United
States Court of Appeals
for the Third Circuit

2005 Decisions

6-2-2005

# USA v. Leonor

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2844

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Leonor" (2005). *2005 Decisions.* Paper 1075.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1075

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>NOT PRECEDENTIAL</u>

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 03-2844

UNITED STATES OF AMERICA

v.

RAYMOND ANGLADA LEONOR,

Appellant

_____

On appeal from the United States District Court
for the District of New Jersey
District Judge: The Honorable Jerome B. Simandle
District Court No. 03-CR-152

_____

Submitted Pursuant to Third Circuit LAR 34.1
June 18, 2004

Before: ALITO, SMITH and WALLACE, *Circuit Judges*[*]

(Filed:  June 2, 2005)
_____

OPINION OF THE COURT
_____

SMITH, *Circuit Judge*.

On March 4, 2003, Raymond Leonor pled guilty to a single count information

_____

[*]The Honorable J. Clifford Wallace, Senior United States Circuit Judge for the Ninth
Circuit Court of Appeals, sitting by designation.

charging him with knowingly and intentionally possessing more than five hundred grams of cocaine with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). At sentencing on June 13, 2003, the District Court determined that Leonor's guideline range was 51 to 63 months of incarceration, which was compressed to 60 to 63 months as a result of the mandatory statutory minimum of five years given the nature of the offense. Although Leonor's counsel raised the possibility of moving for a "safety valve" downward adjustment pursuant to 18 U.S.C. § 3553(f)(1)-(5), a recent ruling by this Court foreclosed that possibility. *See United States v. Boddie*, 318 F.3d 491, 494 (3d Cir. Jan. 28, 2003). The District Court sentenced Leonor to 60 months imprisonment and a four-year term of supervised release.

After filing a timely notice of appeal, Leonor's counsel moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967).[1] In *Anders*, the Supreme Court held that the "constitutional requirement of substantial equality and fair process" necessitates that appellant's counsel vigorously act as an advocate for the defendant. *Id.* at 744. Thus, counsel's

> role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal.

---

[1] Counsel advised Leonor of his right to file an informal brief pursuant to 3d Cir. L.A.R. 109.2(a), but Leonor chose not to do so.

*Id.* In *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001), we reiterated that an *Anders* brief must demonstrate that counsel has "thoroughly examined the record in search of appealable issues," and it must "explain why the issues are frivolous." Thus, our inquiry is twofold: (1) whether counsel adequately fulfilled the requirements of *Anders*; and (2) "whether an independent review of the record presents any nonfrivolous issues." *Id.* (citing *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000)); *see also Anders*, 386 U.S. at 744 (explaining that the court must proceed, "after a full examination of all the proceedings, to decide whether the case is wholly frivolous"). If review fails to reveal any non-frivolous issues, the Court "may grant counsel's request to withdraw and dismiss the appeal." *Anders*, 386 U.S. at 744.

We conclude that counsel fulfilled the requirements of *Anders* with respect to Leonor's conviction.[2] Counsel asserted that there were no deficiencies with regard to Leonor's guilty plea colloquy. Our review of the appended plea agreement and colloquy verifies that Leonor's plea complied with both the requirements of Federal Rule of Criminal Procedure 11 and *Boykin v. Alabama*, 395 U.S. 238 (1969).

Our own independent review of the record reveals, however, that Leonor's sentence was imposed before the Supreme Court's decision in *United States v. Booker*, 125 S.Ct. 738 (2005). At first blush, this suggests that there may be a possibility that

---

[2]The District Court had jurisdiction over this federal criminal offense pursuant to 18 U.S.C. § 3231. We exercise appellate jurisdiction under 18 U.S.C. § 3742(a).

Leonor might benefit if he were resentenced under an advisory sentencing scheme. Leonor, however, was sentenced to the mandatory minimum of sixty months, *see* 21 U.S.C. § 841(b)(1)(B), and a remand for resentencing cannot result in a lighter sentence. Accordingly, there is no basis for vacating Leonor's sentence. Indeed, Leonor may have anticipated as much as he did not respond to this Court's inquiry regarding the applicability of *Booker*.

Accordingly, we will grant counsel's motion to withdraw and we will affirm Leonor's conviction and sentence. We certify that the issues presented in the appeal lack legal merit and thus do not require the filing of a petition for writ of certiorari with the Supreme Court. 3d Cir. LAR 109.2(b).