RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2002 FED App. 0089P (6th Cir.)
File Name: 02a0089p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,
    *Plaintiff-Appellant,*

v.                                        No. 00-6314

ANGELO PENN,
        *Defendant-Appellee.*

Appeal from the United States District Court
for the Eastern District of Kentucky at Covington.
No. 99-00055—William O. Bertelsman, District Judge.

Argued: January 23, 2002

Decided and Filed: March 13, 2002

Before: BOGGS and MOORE, Circuit Judges; RUSSELL,
District Judge.

_____

## COUNSEL

**ARGUED:** David Bunning, ASSISTANT UNITED
STATES ATTORNEY, Covington, Kentucky, for Appellant.
Lucian J. Bernard, PEARSON & BERNARD, Covington,

_____

[*]The Honorable Thomas B. Russell, United States District Judge for
the Western District of Kentucky, sitting by designation.

1

Kentucky, for Appellee.  **ON BRIEF:** David Bunning, ASSISTANT UNITED STATES ATTORNEY, Covington, Kentucky, Charles P. Wisdom, Jr., ASSISTANT UNITED STATES ATTORNEY, Lexington, Kentucky, for Appellant. Lucian J. Bernard, PEARSON & BERNARD, Covington, Kentucky, for Appellee.

————————

## OPINION

————————

KAREN NELSON MOORE, Circuit Judge.  Defendant Anglo Penn pleaded guilty to possession of 1.12 kilograms of cocaine with intent to distribute, which carries a statutory mandatory minimum sentence of five years.  At sentencing, the district court found that Penn was eligible for a reduced sentence pursuant to the "safety valve" provision of 18 U.S.C. § 3553(f) and § 5C1.2 of the United States Sentencing Guidelines ("U.S.S.G."), which authorizes a district court to impose a sentence below an otherwise applicable statutory mandatory minimum sentence if certain requirements are satisfied.  The district court sentenced Penn to thirty-seven months' imprisonment.   The government appeals this sentence, arguing that Penn is not eligible for a reduced sentence under the "safety valve" provision because he has more than one criminal history point as calculated under § 4A1.1 of the Sentencing Guidelines.  The government contends that the district court erred in sentencing Penn under the "safety valve" based upon its determination that Penn's original criminal history points calculation overstated the seriousness of his prior criminal conduct.  For the reasons stated below, we agree with the government.  We therefore **VACATE** the ruling of the district court and **REMAND** for resentencing.

## I. BACKGROUND

On August 5, 1999, the government filed a one-count indictment, charging Angelo Penn and David Cary Smith with possessing 1.12 kilograms of cocaine with the intent to

Under the schedule set forth in § 4A1.1, Penn's 1995 conviction requires that he be assessed two criminal history points.  Section 4A1.1 provides that two points are to be assessed for each prior sentence of imprisonment of at least sixty days.  U.S.S.G. § 4A1.1(b).  The commentary to § 4A1.2, which contains definitions and instructions for computing criminal history points, explains that "[f]or the purposes of applying § 4A1.1(a), (b), or (c), the length of a sentence of imprisonment is the stated maximum (*e.g.*, . . . in the case of an indeterminate sentence of one to five years, the stated maximum is five years . . . .)."  U.S.S.G. § 4A1.2 commentary, applic. note 2.  Penn's 1995 conviction resulted in an indeterminate sentence of time served to six months.  Therefore, according to the clear instructions of the Sentencing Guidelines, Penn was properly assessed two criminal history points.  The fact that he actually served only twenty-six days has no bearing on the determination of his criminal history points. *See id.* ("[C]riminal history points are based on the sentence pronounced, not the length of time actually served.").

In sum, we conclude that the district court did not have the authority to alter the defendant's criminal history points based upon its conclusion that Penn's criminal history score overstated the seriousness of his past criminal conduct.  Because § 4A1.1 dictated that Penn receive two criminal history points, the district court was also without authority under 18 U.S.C. § 3553(f) to order a sentence below the statutory mandatory minimum.  We therefore **VACATE** the sentence imposed by the district court and **REMAND** for resentencing.

unambiguous, and clearly limits the district court's authority to apply the "safety valve" provision to cases where a defendant has not more than one criminal history point *as calculated under § 4A1.1*, regardless of whether the district court determines that a downward departure in the defendant's sentence is warranted by § 4A1.3. *See United States v. Robinson*, 158 F.3d 1291, 1294 (D.C. Cir. 1998), *cert. denied*, 526 U.S. 1011 (1999); *United States v. Orozco*, 121 F.3d 628, 630 (11th Cir. 1997); *United States v. Valencia-Andrade*, 72 F.3d 770, 774 (9th Cir. 1995).

The district court's determination that Penn was entitled to a downward departure under § 4A1.3 has no effect on Penn's criminal history score as calculated under § 4A1.1. "Section 4A1.3 does not authorize a court to add or subtract individual criminal history points from a defendant's record"; instead, it merely allows the court to impose a sentence outside the range prescribed by the guidelines for a defendant's particular offense level and criminal history category. *United States v. Owensby*, 188 F.3d 1244, 1246 (10th Cir. 1999); *see also United States v. Webb*, 218 F.3d 877, 881 (8th Cir. 2000); *Robinson*, 158 F.3d at 1294; *United States v. Resto*, 74 F.3d 22, 28 (2d Cir. 1996). By its own terms, § 4A1.3 permits the sentencing judge to "consider imposing a sentence departing from the otherwise applicable guideline range." Thus, the plain language of the section contemplates a change in the defendant's *sentence*, not his or her *criminal history points*. Section 4A1.3 continues to explain that "[i]n considering a departure under this provision, the Commission intends that the court use, *as a reference*, the guideline range for a defendant with a higher or lower criminal history category, as applicable." U.S.S.G. § 4A1.3 (emphasis added). As this statement makes clear, the effect of a departure under § 4A1.3 is to allow the court to sentence a defendant with reference to the guideline range applicable to a defendant with another criminal history category, not to change the defendant's actual criminal history category. Moreover, neither § 4A1.1 nor § 4A1.2 make reference to the departure provisions of § 4A1.3 as having any bearing on the calculation of a defendant's criminal history points.

distribute in violation of 21 U.S.C. § 841(a)(1), and aiding and abetting each other in violation of 18 U.S.C. § 2. On April 19, 2000, Penn pleaded guilty to the indictment. The offense charged in the indictment carried a statutory mandatory minimum sentence of five years' imprisonment. 21 U.S.C. § 841(b)(1)(B)(ii).

The Plea Agreement reached between the government and Penn set forth the controlling sentencing guidelines and recommended that the defendant receive a three-level adjustment for timely acceptance of responsibility. Joint Appendix ("J.A.") at 21 (Plea Agreement at 4). The Plea Agreement further specified that "there is no agreement regarding the defendant's criminal history category and that the defendant's criminal history category will be determined only after the preparation of a presentence investigation report by the Probation Office." J.A. at 21. The Agreement also stated that "although the defendant's tentative total offense level will be *23*, he is facing a minimum mandatory sentence of not less than five (5) years because the offense of conviction involved five hundred grams or more of cocaine." J.A. at 21-22. According to the Presentence Report ("PSR"), in exchange for Penn's guilty plea, the government agreed that it would not object to the defendant receiving a sentence below the mandatory minimum, pursuant to the "safety valve" provision of 18 U.S.C. § 3553(f) and § 5C1.2 of the Sentencing Guidelines, if it was determined that the defendant met all of the criteria set forth under that provision. J.A. at 49 (PSR at 4); *see also* J.A. at 44 (Sentencing Tr. at 4).

The PSR determined that the defendant's total offense level under the guidelines was twenty-three, and that his criminal history placed him in category II. The defendant's criminal history category was based upon the assessment of two criminal history points for a 1995 conviction for criminal contempt arising from Penn's violation of a domestic violence protection order. Penn received an indeterminate sentence of time served to six months in jail for the 1995 conviction, but he served only twenty-six days in jail. The offense level and criminal history category determined by the PSR

corresponded with a sentencing range of fifty-one to sixty-three months' imprisonment. Because Penn's offense subjected him to a five-year mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(B)(ii), however, his effective sentencing range was sixty to sixty-three months.

At sentencing, the defendant argued that he qualified for a sentence below the statutory mandatory minimum sentence under the "safety-valve" provision of 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2. The government objected because in order to qualify for a sentence below the statutory mandatory minimum under the "safety valve" provision, the defendant must, *inter alia*, "not have more than 1 criminal history point, as determined under the sentencing guidelines," 18 U.S.C. § 3553(f)(1), whereas Penn was properly assessed two criminal history points for the 1995 conviction. The district court, however, found that a departure was warranted under § 4A1.3 of the Sentencing Guidelines, which authorizes the district court to depart from the applicable guideline range when "reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct." U.S.S.G. § 4A1.3. The court noted that it was the intent of the state judge in the 1995 conviction to sentence Penn to twenty-six days, the time actually served, rather than six months, which was the sentence used to determine Penn's criminal history points under § 4A1.1 of the Sentencing Guidelines. The court also noted that the "spirit of the plea agreement" called for Penn to receive a lesser sentence under the "safety valve," and that using the six-month sentence rather than the twenty-six days actually served rendered Penn's sentence "unduly harsh." J.A. at 44-45 (Sentencing Tr. at 4-5).

The court noted that if Penn's sentence were determined to be twenty-six days, he would be assessed only one criminal history point under § 4A1.1 of the Sentencing Guidelines. The judge therefore determined that Penn was properly reclassified as having a criminal history score of one, and should be sentenced pursuant to the range for criminal history category I. Based upon this change in Penn's criminal history

score, the court found that Penn qualified for a sentence below the statutory mandatory minimum under the "safety valve," and ordered that Penn be sentenced to thirty-seven months' imprisonment. The government filed a timely notice of appeal.

## II. ANALYSIS

The government argues that the district court's determination that Penn was eligible for sentencing under the "safety valve" provision was based upon an erroneous interpretation of the "safety valve" statute and the relevant provisions of the Sentencing Guidelines. In particular, the government contends that the district court erred in its conclusion that by granting a downward departure pursuant to § 4A1.3 of the Sentencing Guidelines, the court was authorized to reduce the defendant's criminal history points and thereby make him eligible for sentencing under the "safety valve." We review a district court's interpretation of a statute or guideline provision de novo. *United States v. Adu*, 82 F.3d 119, 124 (6th Cir. 1996).

The "safety valve" provision of 18 U.S.C. § 3553(f) provides that in cases involving certain drug offenses, including violations of 21 U.S.C. § 841, the sentencing court may impose a sentence "without regard to any statutory minimum sentence," if the court determines that the five criteria listed in § 3553(f) are satisfied. The first criterion requires that "the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines." 18 U.S.C. § 3553(f)(1). Section 5C1.2 of the Sentencing Guidelines interprets the "safety valve" exception. The commentary to § 5C1.2 defines "[m]ore than 1 criminal history point, as determined under the sentencing guidelines" to mean "more than one criminal history point as determined under [U.S.S.G.] § 4A1.1 (Criminal History Category)." U.S.S.G. § 5C1.2 commentary, applic. note 1. Section 4A1.1 of the Sentencing Guidelines contains the schedule that determines how a court calculates a defendant's criminal history points. The language in the commentary to § 5C1.2 is