NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0430n.06

Nos. 07-3505, 07-3841, and 07-4533

**FILED**

**Jun 25, 2009**

LEONARD GREEN, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| RODNEY HUTCHINS, KENNY WARREN, and | ) | THE SOUTHERN DISTRICT OF |
| SEAN POWERS | ) | OHIO |
| | ) | |
| Defendants-Appellants. | ) | |
| | ) | |

Before:  SILER, COOK, and GRIFFIN, Circuit Judges.

**SILER**, Circuit Judge.  In 2007, Rodney Hutchins, Kenny Warren, and Sean Powers (collectively, the "Defendants"), along with multiple co-defendants, were convicted after pleading guilty to several drug or firearm-related charges.  Hutchins and Warren appeal their convictions on the basis of ineffective assistance of counsel.  Hutchins also appeals his sentence for the district court's failure to apply the "safety valve" provision of 18 U.S.C. § 3553(f) and failure to reduce his offense level by two points for his mitigating role in the offense.  Powers appeals the reasonableness of his sentence and the constitutionality of the use of his prior convictions in enhancing his sentence. For the following reasons, we AFFIRM.

**BACKGROUND**

## A. Rodney Hutchins

Hutchins pleaded guilty to conspiracy to possess with the intent to distribute cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B) for his involvement in the illegal activities. He faced a total offense level of 28 for his conviction, which was reduced to level 25 after he accepted responsibility. His criminal history category of II, along with an offense level of 25, carried a recommended sentence of 63 to 78 months under the United States Sentencing Guidelines ("USSG"). However, since he was already convicted of a felony drug offense in 2005, he faced the mandatory-minimum sentence of ten years. 21 U.S.C. § 841(b)(1)(B).

At sentencing, Hutchins requested a two-point reduction in his criminal offense level under USSG § 3B1.2 because, he argued, he was less culpable than the average participant. Although his request was denied, the court granted a reduction of sentence based on Hutchins's substantial assistance and sentenced him to 84 months' imprisonment.

On appeal, Hutchins argues that he was deprived of his Sixth Amendment right to effective assistance of counsel because: (1) his counsel did not inform him about the two criminal history points added for being on probation, which precluded him from pursuing the "safety-valve" exception in 18 U.S.C. § 3553(f); (2) he did not receive a downward departure for a mitigating role in the offense, which he alleges that his attorney told him he would receive; and (3) his counsel did not "take care of" an outstanding probation violation, which precluded him from a treatment program that may have eventually lowered his sentence. Hutchins further argues that the district court erred by not applying the § 3553(f) provision *sua sponte*, and also erred in denying his request for downward departure under USSG § 3B1.2.

## B. Kenny Warren

Warren pleaded guilty to conspiracy to possess with the intent to distribute cocaine and carrying a firearm during a drug trafficking crime in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(c), and 18 U.S.C. § 924(c)(1) and was sentenced to 66 months' imprisonment. On appeal, he argues that his counsel was ineffective in failing to file a motion to suppress a firearm found in his automobile and in failing to object to Warren's Presentence Investigation Report ("PSR") that stated he was carrying a firearm in relation to a drug trafficking crime.

## C. Sean Powers

Powers pleaded guilty to use of a telephone to facilitate a felony drug offense in violation of 21 U.S.C. § 843(b). With a criminal history category of VI and an offense level of 17, he faced a Guidelines range of 51 to 63 months' imprisonment. However, the maximum term of imprisonment for the committed offense, 21 U.S.C. § 843(b), is 48 months, so he was sentenced to 48 months. On appeal, he argues that his sentence was unreasonable and the use of his prior convictions to enhance the applicable Guidelines range violated his Sixth Amendment right to a jury trial.

## DISCUSSION

## I. Ineffective Assistance of Counsel Claims

Hutchins and Warren each argue that they received ineffective assistance of counsel at the district court level. Since the record has not been sufficiently developed as to either defendant's claim for ineffective assistance of counsel, we decline to review these claims. *See United States v. Goodlett*, 3 F.3d 976, 980 (6th Cir. 1993).

## II. Application of 18 U.S.C. § 3553(f) to Hutchins

Hutchins argues that the district court erred by not applying 18 U.S.C. § 3553(f), which allows a district court to waive the statutory mandatory-minimum sentence if a defendant meets certain criteria. Since Hutchins did not meet the criteria of having one or no criminal history points, his argument must fail. USSG § 5C1.2 clearly limits the district court's authority to apply the "safety valve" provision only to cases where a defendant has one or no criminal history points. *United States v. Penn*, 282 F.3d 879, 881 (6th Cir. 2002).

Hutchins had three criminal history points at the time he was sentenced. One criminal history point stemmed from a 2005 drug conviction and the other two criminal history points were a result of being convicted while on probation for the 2005 conviction. Although he argues that three criminal history points should not stem from one conviction, he offers no authority to support this argument. Thus, with three criminal history points, Hutchins was not entitled to the § 3553(f) provision and the district court did not err. *See id.*

## III. Hutchins's Claim for a Mitigated Offense Level

Hutchins argues that the district court should have granted him a two-point reduction under USSG § 3B1.2 because he played a minor role in the offense. The district court's denial was not clearly erroneous because Hutchins was only held accountable for the amount of drugs he personally negotiated.

"Defendants may be minimal or minor participants in relation to the scope of the conspiracy as a whole, but they are not entitled to a mitigating role reduction if they are held accountable only for the quantities of drugs attributable to them." *United States v. Campbell*, 279 F.3d 392, 396 (6th Cir. 2002) (citing *United States v. Walton*, 908 F.2d 1289, 1303 (6th Cir. 1990)). "The salient issue is the role the defendant played in relation to the activity for which the court held him or her

accountable." *United States v. Roper*, 135 F.3d 430, 434 (6th Cir. 1998) (citing *Walton*, 908 F.2d at 1303).

Had Hutchins been held responsible for the amount of cocaine in the entire conspiracy, a decrease in his offense level under § 3B1.2 might have been warranted. However, he was only held accountable for the two kilograms that he discussed selling and, therefore, a mitigating role reduction was not warranted. *See Campbell*, 279 F.3d at 396.

## IV. Reasonableness of Powers's Sentence

Powers argues that his sentence was unreasonable because there was a disparity between his sentence and the sentences of other similar co-defendants. Powers also argues that his age and other facts show that his likelihood of recidivism goes down. Since the district court properly utilized the correct procedures, examined Powers's extensive criminal history, and took note of his inclination to repeat offenses, the sentence was reasonable and the district court did not abuse its discretion.

"[W]e review the sentence imposed by a district court for reasonableness utilizing the 'familiar abuse of discretion standard.'" *United States v. Moon*, 513 F.3d 527, 539 (6th Cir. 2008) (quoting *Gall v. United States*, 128 S. Ct. 586, 594 (2007)). The reasonableness review is split into two parts: procedural reasonableness and substantive reasonableness. *United States v. Collington*, 461 F.3d 805, 808 (6th Cir. 2006). Sentences that are properly calculated and within the applicable Guidelines range are presumptively reasonable. *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006).

"A sentence may be considered substantively unreasonable when the district court 'select[s] the sentence arbitrarily, bas[es] the sentence on impermissible factors, fail[s] to consider pertinent § 3553(a) factors or giv[es] an unreasonable amount of weight to any pertinent factor.'" *Collington*,

461 F.3d at 808 (quoting *United States v. Webb*, 403 F.3d 373, 385 (6th Cir. 2005)) (alterations in original).

18 U.S.C. § 3553(a)(6) requires the sentencing court to "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." However, section "3553(a)(6) is concerned with *national* disparities among the many defendants with similar criminal backgrounds convicted of similar criminal conduct." *United States v. Simmons*, 501 F.3d 620, 623 (6th Cir. 2007) (emphasis supplied) (citations omitted).

Here, Powers argues that several of his co-defendants received lesser sentences and, accordingly, the district court should have taken this into consideration and imposed a lower sentence. However, the district court stated that it did consider the disparity at sentencing, but ultimately sentenced Powers to the statutory maximum because of his extensive criminal history. Thus, Powers's co-defendant sentence disparity argument is unpersuasive. Further, sentencing courts are concerned with national disparities of similarly situated defendants and not disparities between co-defendants. *See Simmons*, 501 F.3d at 623.

Likewise, Powers's argument that his age should have been considered in determining that he was unlikely to commit future crimes is unpersuasive. The district court went over Powers's PSR and his criminal history, likely taking note of his age, and expressly noting that his criminal activities went as far back as age thirteen. Even if Powers's age suggested he was unlikely to commit future crimes, the district court noted his criminal history suggested otherwise, stating that he has "certainly been a menace."

Since the district court followed the correct procedural requirements and ultimately sentenced Powers to a term of imprisonment that was within the statutory maximum, it did not abuse its discretion and Powers's sentence was reasonable.

## V. Powers's Prior Convictions

Powers argues that since a jury did not determine that his prior convictions qualified as criminal history points, the use of those convictions in enhancing his sentence violated his Sixth Amendment right to a jury trial. Powers cites *Apprendi v. New Jersey*, 530 U.S. 466 (2000), as support for his argument, but the holding in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), that the fact of a prior conviction is not a jury issue, is still the law. *Apprendi*, 530 U.S. at 489-90.

AFFIRMED.