**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0239n.06

No. 08-6264

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Apr 19, 2010**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF TENNESSEE |
| OSCAR CARREON, | ) | |
| | ) | **O P I N I O N** |
| **Defendant-Appellant.** | ) | |
| _____ | ) | |

**Before:  BATCHELDER, Chief Judge; MOORE and COOK, Circuit Judges**.

**KAREN NELSON MOORE, Circuit Judge.**  Defendant-Appellant Oscar Carreon pleaded guilty to conspiring to distribute methamphetamine, and the district court sentenced him to 120 months of imprisonment—the mandatory statutory minimum.  Carreon appeals, arguing that the district court should have granted him either a departure or a variance, which Carreon claims would have made him eligible for 18 U.S.C. § 3553(f), the so-called "safety-valve."  As explained below, we do not have jurisdiction to review the district court's decision to deny a departure and, in any event, neither a departure nor a variance would have changed Carreon's sentence.  Therefore, we **AFFIRM** the district court's judgment.

**I.  BACKGROUND**

On June 23, 2008, Carreon pleaded guilty to one count of conspiring to distribute 500 grams or more of a mixture containing methamphetamine, in violation of 21 U.S.C. § 846 and 21 U.S.C.

§ 841(a)(1). The Presentence Investigation Report ("PSR") determined Carreon's total offense level to be twenty-nine. It further determined that Carreon had three criminal history points resulting from a previous DUI conviction and the fact that Carreon committed the current offense while on probation. Having determined that Carreon had a criminal history category of two, the PSR calculated Carreon's Guidelines range to be ninety-seven to 121 months of imprisonment. Because § 841(b)(1)(A) required a minimum sentence of ten years, however, the PSR determined that the effective Guidelines range was 120 to 121 months.

Carreon objected to the PSR, arguing that his offense level should have been reduced because he was only a minimal or minor participant in the offense. Carreon also argued, both in his objections and in a subsequent motion, that his criminal history was over-represented. In particular, Carreon downplayed the severity of his DUI conviction and explained that his probation was due to end only twelve days after he was arrested. Therefore, Carreon argued that he should receive either a downward variance or a downward departure pursuant to U.S. Sentencing Guidelines Manual (U.S.S.G.) § 4A1.3(b) (2007), in which case, Carreon argued, the "safety valve" found in 18 U.S.C. § 3553(f) would apply because he would have one or fewer criminal history points. This, in turn, would mean that the district court was not bound by the ten-year statutory minimum sentence. The government filed a response arguing that, even if Carreon's criminal history points were reduced, the "safety-valve" was still inapplicable because Carreon had not truthfully provided all the information he possessed regarding the offense for which he was convicted.

The district court held a sentencing hearing on September 22, 2008, at which time both the government and Carreon presented arguments concerning the applicability of the "safety valve." The district court found that the "safety valve" did not apply because Carreon had three criminal history

2

points.  The district court rejected Carreon's claim that his criminal history was over-represented, noting that Carreon committed the crime while on probation and "should have known better than that."  Dist. Ct. Doc. 121 (Sent. Hr'g Tr. (9/22/08) at 18).  The court then sentenced Carreon to 120 months of imprisonment, the lowest sentence possible in light of the statutory minimum.  Carreon appealed.

## II.  ANALYSIS

Under 21 U.S.C. § 841(b)(1)(A), the district court ordinarily would not have been able to have sentenced Carreon to less than 120 months, which is the sentence that he received.  Carreon, however, argues that 18 U.S.C. § 3553(f)'s "safety valve" permitted a sentence below the statutory minimum.  Under § 3553(f), a district court may disregard § 841's statutory minimum if it finds that:

(1)  the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;

(2)  the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(3)  the offense did not result in death or serious bodily injury to any person;

(4)  the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and

(5)  not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f).  U.S.S.G. § 5C1.2 contains a virtually identical provision.

The PSR determined that, under U.S.S.G. § 4A1.1 and § 4A1.2, Carreon had three criminal history points, which would prevent Carreon from satisfying the first of the "safety valve's" five

3

requirements. Carreon does not dispute the PSR's initial calculation, but rather argues that (1) the district court should have granted him a departure pursuant to U.S.S.G. § 4A1.3[1] and (2) the district court should have granted him a variance. Had the district court done so, Carreon reasons, the "safety-valve" would have applied and Carreon's Guidelines range would have been lower.

Carreon's claim that the district court should have granted him a departure fails for two reasons. First, we do not have appellate jurisdiction to review a district court's decision to deny a departure when there is no indication that the district court was unaware of its discretion to do so. *See United States v. Johnson*, 553 F.3d 990, 999 (6th Cir. 2009). Here, the district judge evaluated Carreon's claim that his criminal history category was over-represented but simply found this argument unconvincing, a decision we may not review. Furthermore, even if the district court had granted a departure, Carreon still would not have been eligible for the "safety valve." As we explained in *United States v. Penn*, 282 F.3d 879 (6th Cir. 2002), a departure under § 4A1.3 does not change the number of criminal history points a defendant receives, only the final guideline range that results, and the "safety valve" is concerned only with the former. *Penn*, 282 F.3d at 882. The 2003 amendments to § 4A1.3 changed some of the language upon which the *Penn* panel relied, but *Penn*'s holding is still valid. Indeed, the amended version of § 4A1.3 explicitly states that a downward departure pursuant to that section "does not meet the criterion of . . . § 5C1.2 (Limitation on Applicability of Statutory Maximum Sentences in Certain Cases)." U.S.S.G. § 4A1.3(b)(3)(B); *see also* U.S.S.G. § 5C1.2 cmt. n.1 ("'More than 1 criminal history point, as determined under the sentencing guidelines,' as used in subsection (a)(1), means more than one criminal history point as

---

[1]Section 4A1.3 permits a downward departure when a criminal history category "substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3(b)(1).

determined under § 4A1.1 (Criminal History Category) before application of subsection (b) of § 4A1.3 (Departures Based on Inadequacy of Criminal History Category).").

Similarly, the district court could not have given Carreon a lower sentence by granting him a downward variance. As a panel of this court explained in *United States v. Branch*, 537 F.3d 582 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008), the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), had no effect upon statutory mandatory minimum sentences and exceptions to those minimum sentences such as the "safety valve." *Branch*, 537 F.3d at 592. Thus, although the Guidelines are not mandatory when applied independently, the district court still must adhere to the Guidelines insofar as they incorporate the provisions of § 3553(f). *Id.* at 592-93. Therefore, the district court properly denied the "safety valve" because any variance or departure would not have affected § 3553(f)'s applicability.

### III. CONCLUSION

For the reasons stated above, we **AFFIRM** Carreon's sentence.