NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0683n.06

Nos. 09-3713, 09-4105

## UNITED STATES COURT OF APPEALS
### FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

      v.

ANTONIO L. GAY, a/k/a Antonio Gay (09-3713),
MICHAEL M. GAY, a/k/a Michael Gay (09-4105),

    Defendants-Appellants.

_____/

FILED
Nov 04, 2010
LEONARD GREEN, Clerk

On Appeal from the United
States District Court for the
Southern District of Ohio at
Columbus

**Before:**     **GUY and GRIFFIN, Circuit Judges; BARZILAY, Judge.**[*]

    **RALPH B. GUY, JR., Circuit Judge.**     Defendants Antonio L. Gay and Michael M. Gay each pleaded guilty to a single count of conspiracy to distribute and possess with intent to distribute over five kilograms of cocaine and a related forfeiture count. Both challenge their sentences as procedurally unreasonable, although for different reasons. After review of the record and consideration of the arguments presented on appeal, we find no error and affirm.

**I.**

_____

[*]The Honorable Judith M. Barzilay, Judge, United States Court of International Trade, sitting by designation.

Defendants Antonio Gay and Michael Gay, brothers, and two other defendants were charged with conspiracy to distribute and to possess with intent to distribute over five kilograms of cocaine between January 1, 2005, and April 22, 2008. Each of the four defendants was also charged with attempted possession with intent to distribute cocaine and forfeiture of money and property as proceeds of illegal activity. The conspiracy involved the distribution of kilogram quantities of cocaine brought to the Columbus area by another conspirator, who began cooperating with the government.

Defendants entered written plea agreements under which they each agreed to plead guilty to the conspiracy and forfeiture counts and stipulated that the relevant conduct involved at least 15 but not more than 50 kilograms of cocaine. The government agreed to dismiss the remaining charges, to recommend a reduction in the offense level for acceptance of responsibility, and to recommend a downward departure if substantial assistance was provided. Both defendants were subject to a 120-month mandatory minimum term of imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A)(ii).

Antonio Gay pleaded guilty on January 21, 2009. His PSR recommended a total offense level of 31, which was based on the quantity of drugs involved and an adjustment for acceptance of responsibility. There was (and is) no objection to this calculation. With an offense level of 31 and a criminal history category of III, his Guidelines range was 135 to 168 months. At sentencing on May 29, 2009, the district court granted the government's motion for downward departure pursuant to § 5K1.1 of the United States Sentencing Commission Guidelines Manual (USSG) and 18 U.S.C. § 3553(e). The § 5K1.1 departure

resulted in an offense level of 29 and a Guidelines range of 108 to 135 months, and the district court sentenced Antonio Gay to a below-Guidelines sentence of 102 months' imprisonment. This appeal followed.

Michael Gay pleaded guilty on March 27, 2009, but did not provide substantial assistance to the government prior to sentencing. His offense level of 31 was calculated in the same manner as above, including the same reduction for acceptance of responsibility. With an offense level of 31 and a criminal history category of II, Michael Gay's Guidelines range was 121 to 151 months. The district court rejected defendant's arguments for application of the "safety valve" provision, 18 U.S.C. § 3553(f), and sentenced defendant to the mandatory minimum sentence of 120 months of imprisonment. Defendant filed a timely appeal.

## II.

This court reviews challenges to the reasonableness of a defendant's sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 45-46 (2007). This inquiry has both a procedural and substantive component, *id*. at 51, although defendants both articulated their claims in terms of procedural unreasonableness. "A sentence is procedurally unreasonable if the district court failed to calculate (or improperly calculated) the Guidelines range, treated the Guidelines as mandatory, failed to consider the § 3553(a) factors, selected a sentence based on clearly erroneous facts, or failed adequately to explain the chosen sentence." *United States v. Lapsins*, 570 F.3d 758, 772 (6th Cir. 2009) (citing *Gall*, 552 U.S. at 51).

**A.     Antonio Gay**

Defendant argues that the district court erred in calculating his criminal history score, or in failing to depart downward in light of that criminal history. Neither claim is a basis for relief.

Specifically, Antonio Gay argues that his criminal history score should have been three instead of four, for a criminal history category of II instead of III, which would have corresponded to a lower Guidelines range of 97 to 121 months. Without contesting the points assessed for two prior sentences for driving without an operator's license (OWI), defendant argues that the district court erroneously assessed two criminal history points (instead of one point) for his 1998 conviction for driving without an operator's license.

The record is clear, however, that defendant did not object to the scoring of his criminal history before or during sentencing. The district court also inquired at the close of the sentencing hearing whether defendant had "any objection to the sentence just pronounced that's not been previously raised." Failure to object to this asserted procedural error at sentencing restricts our review to determining whether the district court committed plain error. *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008).

In scoring criminal history, two points are added for "each prior sentence of imprisonment" of at least 60 days but not exceeding one year and one month. USSG § 4A1.1(b). The term "sentence of imprisonment" is defined as a "sentence of incarceration and refers to the maximum sentence imposed"; but if part of the sentence is suspended, "'sentence of imprisonment' refers only to the portion that was not suspended." USSG § 4A1.2(b)(1) and (2). In addition, "[i]n the case of a prior revocation of probation, parole,

supervised release, special parole, or mandatory release, add the original term of imprisonment to any term of imprisonment imposed upon revocation. The resulting total is used to compute the criminal history points for § 4A1.1(a), (b), or (c)." USSG § 4A1.2(k)(1).

According to the PSR, upon which both parties rely, defendant was sentenced on the conviction for driving without an operator's license to 180 days jail, served 15 days house arrest, and had the remaining 165 days suspended. However, defendant's probation was revoked and he served 165 days work release—24 days of which were in an Intensive Supervision Residential Program and the remainder through the Home Incarceration Program. Defendant argues that this sentence was not one of at least 60 days because this court has held that home incarceration is not a sentence of imprisonment for purposes of USSG § 4A1.1. *United States v. Jones*, 107 F.3d 1147, 1161-62 (6th Cir. 1997); *United States v. Compton*, 82 F.3d 179, 183 (7th Cir. 1996).

However, as the government points out, the court in *Jones* distinguished the prior decision in *Rasco* holding that USSG § 4A1.2(k) requires that "a sentence imposed upon revocation of parole be added to the original sentence regardless of where that sentence is served." *United States v. Rasco*, 963 F.2d 132, 137 (6th Cir. 1992). Although *Rasco* involved a sentence served in a halfway house on the revocation of parole, the court decided not to focus exclusively on the place of detention, but the reason for the detention. *Id*. at 135. In light of *Rasco*, we cannot conclude that the district court committed "plain" or "obvious" error by concluding that the 165 days of work release the defendant served upon revocation of his probation should be counted as a sentence of imprisonment regardless of where the

sentence was served.

Next, Antonio Gay argues that even if correctly calculated, the district court erred by failing to grant a downward departure on the grounds that "the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes."  USSG § 4A1.3(b)(1).  This court has consistently held that a district court's decision not to depart downward from the Guidelines is not reviewable on appeal "unless the record shows that the district court was unaware of, or did not understand, its discretion to make such a departure."  *United States v. Santillana*, 540 F.3d 428, 431 (6th Cir.), *cert. denied*, 129 S. Ct. 469 (2008); *see also United States v. Puckett*, 422 F.3d 340, 344 (6th Cir. 2005); *United States v. Stewart*, 306 F.3d 295, 229 (6th Cir. 2002).

Although departure was requested on this basis, defense counsel expressly withdrew the objection at the outset of the sentencing hearing in light of the government's motion for departure under § 5K1.1 and the court's representation that sentence would be imposed below the resulting Guidelines range.  The district court nonetheless elected to comment on the objection, stating:

> Even though the objection has been withdrawn, on a certain level, [defense counsel], I kind of agree with you.  And that's only on this level.  On the Section 3553(a) level, rather than a guideline level, the Court would find that, you know, these are three traffic offenses, and I'm glad that you've  brought that to my attention, that they do not involve, necessarily, any crimes of violence.  And the criminal history category, although correctly calculated by [the probation officer], the Court does recognize that they are minimal in nature when compared to some of the criminal histories that I have seen.

Defendant argues that remand is appropriate because these comments were at least

ambiguous as to whether the district court recognized its discretion to depart downward under the Guidelines.

On the contrary, the import of these statements was that the defendant's minimal criminal history did not warrant departure under the Guidelines, although it would weigh in defendant's favor in considering the § 3553(a) factors. Nor was the district court required to "explicitly state that it is aware of its discretionary authority to depart downward, since there is 'no duty on the trial judge to state affirmatively that he knows he possesses the power to make a downward departure, but declines to do so.'" *United States v. Lucas*, 357 F.3d 599, 609-10 (6th Cir. 2004) (quoting *United States v. Byrd*, 53 F.3d 144, 145 (6th Cir. 1995)). Accordingly, we reject defendant's argument as to this issue.

## B.    Michael Gay

Appealing the district court's finding that he was not eligible for relief under the "safety valve" provisions of 18 U.S.C. § 3553(f) and USSG § 5C1.2, Michael Gay argues that the district court could have disregarded his prior misdemeanor conviction for OWI and thereby render him eligible to be sentenced without regard for the mandatory minimum. This contention is without merit.

The PSR recommended that two points be assessed for defendant's prior sentences: one for his misdemeanor drug abuse conviction and one for his OWI conviction. Although defendant argued at sentencing that the OWI conviction was "too old," he concedes on appeal that the sentence, which was imposed on November 4, 1997, was properly counted because it was "imposed within ten years of the defendant's commencement of the instant

offense" on January 1, 2005.  USSG § 4A1.2(e)(2).  One point was assessed under USSG

4A1.1(d), because "[c]onvictions for driving while intoxicated or under the influence (and

similar offenses by whatever name they are known) are counted."  USSG § 4A1.2, cmt. n.5.

That being the case, defendant had two criminal history points and did not satisfy the first of

the five requirements for eligibility for safety-valve relief—that "the defendant does not have

more than 1 criminal history point, as determined under the sentencing guidelines."  §

3553(f)(1).

To the extent defendant contends that this requirement could have been satisfied if the

district court exercised its discretion to depart downward with respect to his criminal history,

the argument is foreclosed by this court's contrary holding in *United States v. Penn*, 282 F.3d

879, 881-82 (6th Cir. 2002).  We explained in *Penn* that § 5C1.2, which interprets the "safety

valve" exception, "unambiguous[ly], and clearly limits the district court's authority to apply

the 'safety valve' provision to cases where a defendant has not more than one criminal

history point *as calculated under § 4A1.1*, regardless of whether the district court determines

that a downward departure in the defendant's sentence is warranted by § 4A1.3."  282 F.3d

at 881; *see also* USSG § 4A1.3(b)(3)(B) (2008) ("A defendant whose criminal history

category is Category I after receipt of a downward departure under this subsection does not

meet the criterion of subsection (a)(1) of § 5C1.2 . . . if, before receipt of the downward

departure, the defendant had more than one criminal history point under § 4A1.1 (Criminal

History Category).").

Defendant also argues that the district court could have considered the assessment of

the criminal history point for the OWI conviction to be "advisory," leaving only one criminal history point and satisfying the first requirement for eligibility under the "safety valve" provision. This argument—essentially that the district court failed to recognize its discretion to apply the safety-valve exception through the granting of a downward variance—was rejected by this court in *United States v. Branch*, 537 F.3d 582, 592-95 (6th Cir.), *cert denied*, 129 S. Ct. 752 (2008). *See United States v. Carreon*, 373 F. App'x 557, 560 (6th Cir. 2010) (unpublished) (holding that "although the Guidelines are not mandatory when applied independently, the district court still must adhere to the Guidelines insofar as they incorporate the provisions of § 3553(f)"). Because neither a departure nor a variance could have affected § 3553(f)'s applicability, defendant's claim is without merit.

Finally, even if that were not so, the district court also found that Michael Gay was otherwise ineligible under the safety-valve exception because he had not "truthfully provided to the Government all information and evidence the defendant ha[d] concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan[.]" 18 U.S.C. § 3553(f)(5); *see also* USSG § 5C1.2(a)(5). Defendant did not (and does not) dispute that he declined to cooperate with the government, and does not argue that the district court's finding in this regard was clearly erroneous. *See United States v. Adu*, 82 F.3d 119, 125 (6th Cir. 1996).

**AFFIRMED.**