**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 12a0578n.06

No. 10-4511

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

*Jun 06, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |
| DAVOHN GODSEY, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: GIBBONS, ROGERS, and COOK, Circuit Judges.

PER CURIAM. Davohn Godsey appeals his 175-month sentence for drug offenses. For the reasons set forth below, we vacate the district court's judgment and remand for resentencing.

Pursuant to a written plea agreement, Godsey pleaded guilty to conspiring to distribute and possess with intent to distribute cocaine base, cocaine, and marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 1), possessing with intent to distribute approximately 217 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) (Count 2), and possessing with intent to distribute approximately 122 grams of cocaine in violation of 21 U.S.C. § 841(a)(1) (Count 3). With respect to Godsey's sentencing, the parties agreed to recommend a sentence within the advisory guidelines range as calculated in accordance with the computations and stipulations set forth in the plea agreement. The government agreed not to oppose a three-point reduction in the applicable offense level for Godsey's acceptance of responsibility pursuant to USSG § 3E1.1. The parties agreed that the following represented the correct computation of the applicable offense level: "That the

defendant conspired to possess with intent to distribute at least 150 grams but less than 500 grams of crack cocaine (Base Offense Level 32) (mandatory minimum 10 years imprisonment)." According to the plea agreement, the parties understood that if the district court granted Godsey a three-level reduction for acceptance of responsibility, found that he met the criteria for the two-level reduction under the safety valve provisions, *see* 18 U.S.C. § 3553(f), USSG § 5C1.2(a), and accepted the plea agreement's factual stipulations, then his total offense level would be 27. The plea agreement continued: "While there is no agreement with respect to the Criminal History category of the defendant, assuming a Criminal History category of I, the Guideline Range would be 70 to 87 months." Per the plea agreement, Godsey, acknowledging that the plea agreement was entered into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(b), understood that the recommendations and stipulations contained in the plea agreement were not binding on the district court and that "there is no agreement as to his sentencing guideline level or criminal history category."

The probation office prepared a presentence report using the 2009 edition of the sentencing guidelines. Grouping the three drug counts together, *see* USSG § 3D1.2(d), the presentence report set forth a base offense level of 32 based on the drug quantities involved. After a three-level reduction for acceptance of responsibility and a two-level safety valve reduction, the presentence report calculated a total offense level of 27. Although Godsey had no convictions resulting in criminal history points, corresponding to a criminal history category of I, the presentence report provided a lengthy list of arrests and other criminal conduct not resulting in charges or convictions. Godsey's total offense level of 27 and criminal history category of I yielded a guidelines range of 70 to 87 months. The presentence report pointed out that the statutory mandatory minimum sentence for Counts 1 and 2 was 120 months if the safety valve provisions were not applied. The presentence

report further noted that the new sentencing guidelines in effect on November 1, 2010, pursuant to the Fair Sentencing Act of 2010 (FSA) would reduce the offense level by two based on the quantity of crack cocaine.

Godsey was sentenced on November 22, 2010. Godsey objected to the presentence report's allegations of other criminal conduct; the district court, going through Godsey's specific objections, stated that it would disregard many of these incidents for sentencing purposes. Noting that the presentence report set forth a total offense level of 27, the district court stated that "[i]t would be a 25 under the current guidelines, but they are not applicable." The district court found that the presentence report's criminal history category of I under-represented Godsey's criminal history and therefore departed upward to a criminal history category of II. On this basis, the district court denied application of the safety valve provisions. The district court calculated the guidelines range for Counts 1 and 2 as 121 to 151 months and sentenced Godsey to concurrent terms at the maximum of that range—151 months. The district court initially calculated the guidelines range for Count 3 as 70 to 78 months and varied downward to a 24-month sentence to run consecutively to the sentence imposed on Counts 1 and 2, for a total sentence of 175 months of imprisonment. The district court imposed a lifetime of supervised release. After the sentencing hearing was adjourned, the district court reconvened the parties and recalculated the guidelines range for Count 3 as 21 to 27 months. As the 24-month sentence on Count 3 was within the recalculated range, the district court did not alter its previously announced sentence.

This timely appeal followed. Godsey challenges his sentence as procedurally and substantively unreasonable. In the alternative, Godsey asserts that the government breached the plea agreement by taking positions during the sentencing hearing that were inconsistent with the

stipulations and recommendations contained in the plea agreement. The government concedes that Godsey's sentence is not procedurally reasonable because the district court incorrectly calculated the guidelines range and agrees that a remand for resentencing is appropriate. The government contends that Godsey's other claims of procedural and substantive unreasonableness are moot in light of the need for resentencing.

We review the district court's sentencing determination for procedural and substantive reasonableness under a deferential abuse-of-discretion standard. *United States v. Battaglia*, 624 F.3d 348, 350 (6th Cir. 2010). We "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range . . . ." *Gall v. United States*, 552 U.S. 38, 51 (2007).

As the government concedes, the district court incorrectly calculated the guidelines range for Counts 1 and 2, overlooking the three-level reduction for Godsey's acceptance of responsibility. Reducing the base offense level of 32 by three levels for acceptance of responsibility would result in a total offense level of 29, which, when combined with a criminal history category of II, would yield a guidelines range of 97 to 121 months of imprisonment—not 121 to 151months as calculated by the district court.

In addition, the government correctly notes that the sentencing guidelines in effect on the date of Godsey's sentencing incorporated the FSA-based amendments, and would appear to reduce Godsey's offense level by an additional two levels. In accordance with the FSA, the Sentencing Commission issued an emergency amendment to the guidelines, effective November 1, 2010, that reduced the base offense level for various quantities of crack cocaine. As Godsey was sentenced on

November 22, 2010, three weeks after the amendment took effect, the amended guideline should have been applied.

While the Government has declined to address some additional issues properly raised by Godsey, judicial economy warrants our addressing three of them. *See United States v. McDaniel*, 398 F.3d 540, 551 (6th Cir. 2005).

Godsey argues that the district court improperly relied on incident reports involving allegations of dissimilar uncharged conduct to depart from criminal history category I to II. USSG § 4A1.3(a)(1) allows an upward departure "[i]f reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." Types of information that may form the basis for such an upward departure include "[p]rior *similar* adult criminal conduct not resulting in a criminal conviction." USSG § 4A1.3(a)(2)(E) (emphasis added). Although Godsey's presentence report set forth a lengthy list of arrests and other criminal conduct not resulting in charges or convictions, only one prior arrest involved drug trafficking. The district court moreover stated that it would disregard many of these incidents for sentencing purposes. An upward departure based on criminal history was therefore not warranted.

In any event, the district court erroneously used the criminal history departure to deny Godsey safety valve relief. The safety valve provisions of 18 U.S.C. § 3553(f) and USSG § 5C1.2(a) require the district court to impose a guidelines sentence without regard to any statutory minimum sentence if the defendant meets certain criteria. To be eligible for safety valve relief, a defendant must "not have more than 1 criminal history point, as determined under the sentencing guidelines." 18 U.S.C. § 3553(f)(1); *see also* USSG § 5C1.2(a)(1). The presentence report found that Godsey had zero

criminal history points, but the district court denied application of safety valve relief because his criminal history category was under-represented. We have held that a departure based on the inadequacy of a defendant's criminal history category under USSG § 4A1.3 does not affect the defendant's criminal history score or eligibility for safety valve relief. *United States v. Penn*, 282 F.3d 879, 881-82 (6th Cir. 2002). The safety valve provision should accordingly have been applied, which in turn would reduce his offense level by two levels. USSG § 2D1.1(b)(16).

The district court also erred in ungrouping Godsey's three counts and calculating one guidelines range for Counts 1 and 2 and another range for Count 3. USSG § 3D1.2(d) requires the grouping of the drug offenses in this case.

Godsey requests that we reassign his case to a different district court judge upon remand. Our authority under 28 U.S.C. § 2106 to remand a case to a different judge "'is an extraordinary power and should rarely be invoked. . . . [R]eassignments should be made infrequently and with the greatest reluctance.'" *Armco, Inc. v. United Steelworkers of Am.*, 280 F.3d 669, 683 (6th Cir. 2002) (quoting *United States v. Winters*, 174 F.3d 478, 487 (5th Cir. 1999)). In determining whether reassignment is necessary, we consider: "(1) whether the original judge would reasonably be expected to have substantial difficulty in putting out of his or her mind previously expressed views or findings; (2) whether reassignment is advisable to preserve the appearance of justice; and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness." *Solomon v. United States*, 467 F.3d 928, 935 (6th Cir. 2006).

Reassignment is not necessary in this case. We believe that the sentencing judge would not have substantial difficulty in setting aside his previously expressed views regarding the identified

guidelines issues and that there is a benefit to having Godsey resentenced by the judge who has presided over his case, as well as the cases of his three co-defendants, from the beginning.

For the foregoing reasons, we VACATE Godsey's sentence and REMAND to the district court for resentencing.  Resentencing shall be consistent with this opinion, but our remand is otherwise general rather than limited.